JACOB POLAKOFF

*v.*

ANDRE HALPHEN.

[Submitted January 23d, 1914.   Determined February 25th, 1914.]

1. An agreement, not under seal and without consideration, by the owner or tenant of real estate, permitting its use by another, is not operative as a grant, but is a mere license revocable at pleasure, which may afford justification for the licensee's acts thereunder prior to revocation, but not thereafter.

2. Where a parol or written license to occupy land has been executed by possession in such manner that its revocation would be a fraud upon the licensee, equity will protect the licensee against a revocation, and preserve his rights under the license.

3. Evidence, in a suit to restrain the completion of a building on certain land under a license to erect a building thereon, *held*, to show that the building was being erected in substantial accordance with the agreement of the parties, which contemplated that it should be finished on the inside and occupied jointly by both parties for storage purposes.

4. Where a written license to erect a building on certain land was silent as to the character of the building, but both parties agreed that its character was stipulated upon, the situation was that of a separate oral agreement, and parol evidence was admissible as to the terms thereof.

5. Where defendant erected a, building on certain land under a license from complainant, in accordance with the agreement, except that a stairway was not built as agreed, because the building inspector refused to permit it, which caused little, if any, inconvenience, a court of equity will not recognize an attempted revocation of the license as depriving defendant of his rights thereunder.

On bill for injunction.   Hearing at return of order to show cause.

*Mr. Ulysses G. Styron* and *Mr. Joseph B. Perskie,* for the complainant.

*Messrs. Thompson & Smathers,* for the defendant.

LEAMING, V. C.

Complainant is the lessee of certain real estate in Atlantic City; his term will expire December 27th, 1914. Defendant is the owner of the reversion through a grant from complainant's lessor; complainant pays his rent to defendant. The premises, which are admittedly covered by the lease held by complainant, include a store building facing on a street and living rooms above the store, and also a space in the rear of the store which has been vacant until recently. It is that part of the leased premises which is in the rear of the store which occasions the present controversy.

It is conceded that defendant sought permission from complainant to erect a building in the nature of an annex to the store on that part of the leased premises in the rear of the store, and that complainant acceded to defendant's request.

Defendant has erected the building and it is now completed, except as to its interior. Complainant claims that the building which has been erected by defendant is essentially different from the building which he authorized, and has accordingly revoked his consent. An injunction is now sought by complainant to compel defendant to stop further work on the building and to prevent its occupancy or use by defendant.

The answer and answering affidavits filed by defendant set forth a copy of a written consent for the erection of the building signed by complainant, and assert that the building in all essential respects conforms to plans agreed upon by complainant and defendant.

The consent for the erection of the building, which was signed by complainant, is as follows:

"ATLANTIC CITY, N. J., Dec. 1st, 1913.

"I hereby agree to allow Mr. A. F. Halphen to build an addition in the rear of my store.

"J. POLAKOFF."

It will thus be perceived that complainant bases his right to relief upon his revocation of the license, whereas defendant contests complainant's right of revocation.

It may be conceded that an agreement or consent, not under seal and without consideration, of the nature of that above quoted, whereby the owner of real estate, or a tenant as owner of the term, permits its use by another, is not operative as a grant, but is in a court of law regarded as a mere license revocable by the licensor at his pleasure; it may afford a justification for acts done by the licensee pursuant to the license prior to revocation, but not thereafter. *Richman* v. *Baldwin, 21 N. J. Law 395; Hetfield* v. *Central Railroad Co., 29 N. J. Law 571; Banghart* v. *Flummerfelt, 43 N. J. Law 28.* It will be observed, however, that in each of the cases above cited the suggestion is made that a court of equity may in proper cases relieve against a revocation of a license when it appears that the revocation would be in effect operative as a fraud on the licensee. The following cases in this state define the nature and extent of equitable jurisdiction to relieve against revocations of licenses of the class suggested: *Raritan Water Co.* v. *Veghte, 21 N. J. Eq. 463; East Jersey Iron Co.* v. *Wright, 32 N. J. Eq. 248; Morton* v. *Morton, 47 N. J. Eq. 158; Lawrence* v. *Springer, 49 N. J. Eq. 289; Barbour* v. *Barbour, 51 N. J. Eq. 267; Berry* v. *Potter, 52 N. J. Eq. 664; Van Horn* v. *Clark, 56 N. J. Eq. 476; Hartman* v. *Powell, 68 N. J. Eq. 293.* An examination of these cases will disclose the accepted rule in this state to be that when the agreement or license, whether founded in parol or in writing, is clearly established and includes either express or implied authorization by the licensor for the licensee to occupy the land of the licensor, and the license has been executed by possession in such manner that its revocation would be operative as a fraud upon the licensee, a court of equity will protect the licensee against such a revocation and preserve for the licensee such rights as the licensor expressly or impliedly conferred. This is indeed no more than an equitable application of the essential principles of estoppel as applied in *Short* v. *Taylor* and approved in *Lawrence* v. *Springer, supra,* at *p. 295.*

In the present case a memorandum of the authorization was reduced to writing and signed by the party to be charged; the fifth section of our statute of frauds was to that extent complied with. Indeed the bill filed by the licensor asserts that

permission was by him given the defendant to enter upon the land and erect the building thereon, but charges that the building differs from the one authorized. The bill alleges that a two-story building is being erected instead of a one-story building as authorized, and asserts that the additonal story will materially interfere with complainant's light; complaint is also made that a rear stairway is to be changed in a manner not contemplated and detrimental to complainant. The answer and answering affidavits disclose that the building was completed, except as to its interior finish, when the bill was filed, and that it is a one-story building, and that a second story has at no time been contemplated; that the building as erected is in exact conformity to the plans agreed upon between complainant and defendant except as to the location of the rear stairway to the building occupied by complainant; this stairway could not be placed as planned because of objections made by the building inspector; accordingly the rear stairway leading to complainant's building has not been disturbed. The controversy therefore resolves itself into one of fact, the dispute being whether the building which has been erected is essentially the building which was authorized by complainant. While complainant might be denied the right of revocation of an executed license in such manner as to work a fraud on defendant, he could not be denied the right to prevent unauthorized acts.

It will be observed that the written authorization is wholly silent touching the kind of a building to be erected by defendant, and both parties agree that their stipulations included that element. The situation thus presented is the existence of a separate oral agreement as to matters touching which the writing is wholly silent and which are not inconsistent with its terms, and it is also obvious that the writing was not intended by the parties to embody the whole agreement. In this situation the court is permitted to consider the evidence offered by the parties touching these details so agreed upon between them. This evidence satisfies me that the building which defendant has erected is substantially and essentially in accordance with the agreement of the parties, and that the agreement contemplated not only the erection of the outside walls

and roof of the building but also that it be finished in its interior and occupied jointly by the parties for storage purposes during the remainder of complainant's term. The refusal of the building inspector to permit the stairway to be located as planned was through no fault of defendant and can be of but little, if any, inconvenience to complainant. Under these circumstances it is clearly impossible for a court of equity to aid complainant by recognizing his attempted revocation of the license as operative to terminate defendant's rights to finish and use the building in the manner agreed upon.

No cross-bill has been filed by defendant, and the single question now presented is whether complainant is entitled to an injunction *pendente lite* to prevent defendant from finishing the interior of the building and using it in the manner stated. I will advise an order denying a preliminary injunction.