The complainant agreed to sell to the defendant, 825 Elizabeth avenue, Elizabeth, free of encumbrance, and the defendant agreed to buy. The defendant refused to take title, and brought an action at law to recover the down money, and upon the filing of this bill, to compel him to perform, the action at law was restrained. The building on the land extends over the adjoining lot six inches. By deed made by a former owner of the adjoining lot to the former owner of the land in suit the right to maintain the encroachment was *Page 38 
granted. In the deed, and in consideration thereof, the former owner of the land in suit covenanted and agreed to permit the former owner of the adjoining lot to enter upon the premises in suit for the purpose of repairing or painting the easterly side wall of his house. The defendant refused to take title because of the encroachment and the permission, claiming that the title was not marketable. At the trial he waived the first objection and defended on the ground of an easement of the adjoining owner in the land in suit.
The permission to enter for the purpose of repairing and painting was a mere license, not an easement, was personal to the former owner, revokable, not assignable, was not terminated when he or the licensor conveyed. 25 Cyc. 644; East Jersey Iron Co.
v. Wright, 32 N.J. Eq. 248; Eckert v. Peters, 55 N.J. Eq. 379;Standard Oil Co. v. Buchi, 72 N.J. Eq. 492; Polakoff v.Halphen, 83 N.J. Eq. 126; Hopper v. Herring, 75 N.J. Law 212.
A license with an interest or an equity will be protected, as will appear by some of the cases cited, but in the instant case there are no circumstances to bring it within the principles upon which relief is granted.
The complainant is entitled to a decree.