MILITARY COLLEGE COMPANY, RESPONDENT, v. GEORGE S. BROOKS, APPELLANT.

Submitted January 25, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *Philip Manheit.*

For the respondent, *Gorson & Gorson.*

The opinion of the court was delivered by

PARKER, J. The suit is by payee against maker of a promissory note for $927 at three months, dated November 18th, 1927, the making whereof is admitted. Defendant also admits that this was in renewal of a prior note for $900, alleging that the difference of $27 represents interest. The defense was, in essence failure of consideration and there was also a counter-claim of damages for partial failure of consideration of a cash payment previously made by defendant to plaintiff. The trial court by a rule dated October 24th, 1928, directed summary judgment on the note, and sustained the counter-claim by a further rule dated December 4th, 1928. No formal judgment record is laid before us, and hence we are unable to say whether the amount of the judgment is cut down by that of the counter-claim; but as plaintiff does not appeal, we deal solely with the propriety of striking out the defense to the note.

The litigation arises out of the placing of defendant's son at the miltary school conducted by the plaintiff 1926-7 at a fee of $1,375 for the year, payable one-half at entrance, and the balance six months thereafter. The first half was paid, and the counter-claim relates to failure of consideration for that payment, in that the young man was summarily, and as claimed, wrongfully dismissed before the expiration of the first semester, payment for which should, as set up in the counter-claim, be reduced proportionately. After the dismissal, and when the second half of the annual fee would come due in ordinary course, plaintiff made demand on defendant for it (though his son had not been taken back) and payment was refused, whereupon there was correspondence in which defendant disclaimed liability, and plaintiff threatened suit. The personal interview leading up to the original note of which the note in suit is a renewal, is thus set forth in defendant's own affidavit used on the motion for summary judgment—

"(6) That after March 14th, 1927, I went to Pennsylvania Military College, at Chester, Pennsylvania, to again discuss their b'll. They insisted on payment of the balance

due at once or would bring a suit against me. That at this time I had financial difficulties and rather than have a law suit which I thought would greatly injure my credit I gave them a note for $900 which was the balance they claimed to be due for tuition and certain miscellaneous military paraphernalia and gave to me a statement which I have which is dated March 22d, 1927, and which is ready to be produced at my trial. I renewed this note later which renewal note for $927 is the one upon which the plaintiff is bringing suit in this cause."

We are not informed by any memorandum of the Circuit Court, nor by anything contained in the rule for summary judgment, of the reasons deemed sufficient by that court for its action. For the plaintiff it is argued, and for the defendant it is denied, that the making of a renewal note estops the defendant from setting up a defense available on the original note. No decision on this point in this state is pointed out to us, and we find none. In other jurisdictions the cases seem to be at variance. 8 *C. J.* 444, 751. We find it unnecessary to decide the matter at this time, as the present judgment may be affirmed on grounds more satisfactory to us, and settled in our own decisions.

Defendant does not seem to deny that the contract was for the full school year. If his son was rightfully dismissed, it is at least argueable that the full year's fee would be nevertheless payable. Defendant claimed the dismissal was wrongful, and plaintiff that it was rightful; and this raised a legitimate dispute of fact and perhaps of law also as to defendant's liability. In this situation defendant being so situated financially that a law suit, whatever its result, would in his judgment be disastrous to him, elected to buy his peace for the time being by giving the first note, which postponed any such suit till the maturity of that note, not to mention that by a renewal or renewals it was further postponed till February 18th, 1928, or nearly a year. This, under our decisions, was adequate consideration to support the note. In *Clark* v. *Turnbull*, 47 *N. J. L.* 265, the headnote reads: "An agreement to pay money in compromise of a suit is valid, and that regardless of the validity of the plaintiff's de-

mand." In *Grandin* v. *Grandin*, 49 *Id.* 508, it is held that "the compromise of a disputed claim made *bona fide* is a good consideration for a promise, whether the claim be in suit, or litigation has not been actually commenced, even though it should ultimately appear that the claim was wholly unfounded; the detriment to the party consenting to a compromise arising from the alteration in his position, forms the real consideration which gives validity to the promise. The only elements necessary to a valid agreement of compromise are the reality of the claim made and the *bona fides* of the compromise. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made." Those decisions are in this court. In *Phillips* v. *Pullen*, 50 *Id.* 439, in the Court of Errors and Appeals, an action for *crim. con.* was pending and settled by an agreement to pay a stipulated sum in satisfaction of all damages. In a suit on the agreement, the legality of the consideration was upheld, the court remarking, page 444, "by the agreement of settlement Pullen obtained a substantial advantage * * *." It was added, on pages 445, 446, that if the suit was mere blackmail, the agreement would not be enforceable, but nothing short of fraud would affect its validity at law. There is no suggestion of any fraud or blackmail in the present case; it is simply the common case of suit on a claim presumably honestly made even if actually groundless, and honestly disputed, being put off for the benefit of the debtor by a positive agreement to pay at the deferred date. Such an agreement has a lawful consideration and will be enforced; and this rule was invoked in the recent equity case of *Metropolitan Lumber Co.* v. *Fordham National Bank,* 102 *N. J. Eq.* 514.

It is suggested for appellant that the action of the Circuit Court in sustaining the counter-claim is not consistent with its action in striking out the answer. But we are not concerned with its disposition of the counter-claim; the question before us is whether the order on which the summary judgment is based was erroneous, and for the reasons above given we conclude that it was not. The judgment under review will therefore be affirmed.