27 N.J. Super. 390 (1953)
99 A.2d 545
EMILE MEOLA AND ANNA MEOLA, PLAINTIFFS-RESPONDENTS,
v.
FIORE GORGA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1953.
Decided September 25, 1953.
*392 Before Judges EASTWOOD, JAYNE and FRANCIS
Mr. J. Mortimer Rubenstein argued the cause for appellant (Messrs. Rubenstein & Kosoff, attorneys).
Mr. James A. Major argued the cause for respondents (Mr. John A. Christie, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The present appeal introduces legal rather than factual subjects for consideration. A sketch of the factual premise will suffice.
In January 1950 the plaintiff Emile Meola observed a dwelling house under construction by Park Manor Homes at 0-76 Blue Hill Avenue, Fairlawn, New Jersey. Its interior including the cellar was unfinished and he noticed at the time that upon the earth bottom of the cellar stood as much as six feet in depth of water. He doubtless mentally envisioned the dwelling in its completed state and resolved to acquire it upon its entire construction, together with the parcel of land upon which it was being constructed.
At his initial meeting with a representative of Park Manor Homes, the builder, at which he made a deposit of $100 in contemplation of the future execution of a contract, he alluded to the quantity of water in the basement and was told: "Don't worry about it, because the ground is not graded and this water is all running into there. When I get through with your house, I will guarantee you a dry basement without one drop of water." Parenthetically we pause to explain that mention is made of this conversation merely to disclose that the condition of the cellar entered the minds and contemplations of the parties at the inception of their negotiations, eventually casting its reflection on the subsequent claim of the plaintiffs.
Gorga Manor Corporation became the successor in interest of Park Manor Homes and on February 11, 1950 the plaintiffs *393 and Gorga Manor Corporation executed a contract in writing wherein the corporation covenanted to complete the construction of the house and convey the property to the plaintiffs for the purchase price of $14,300.
In our appellate review of the present case we regard it to be exceedingly significant that the only express covenant in the contract relative to the essentials of the construction of the house is contained in paragraph 10 of the instrument and reads:
"It is understood that the building under construction is to be completed prior to the closing and shall be substantially completed similar to premises 0-71 Blue Hill Avenue, Fair Lawn, N.J., and that the premises shall be completed with all the necessary fixtures and appliances ready for occupancy ready for closing."
The contract was thereafter assigned by Gorga Manor Corporation to the defendant, Fiore Gorga. On August 15, 1950 the plaintiffs and the representative of the defendant assembled at the place designated for the consummation of the sale. There was at that time evidence of the seepage of water into the cellar. The plaintiffs declined to consummate the purchase of the property solely because of the stated defective condition of the cellar. Conciliatory mediations ensued, eventuating in the execution of the following memorandum by the agent of the defendant and upon which the plaintiffs cause of action was based:
"In consideration of the closing of title to 0-76 Blue Hill Ave. Fairlawn NJ. the undersigned hereby agree that if any leaks or seepage of water into cellar occurs within a period of six months from this date, the same will be repaired by the undersigned at his own cost and expense.
 Dated August 15, 1950
 FIORE GORGA
 by Jerry Gorga
 Atty in Fact"
The plaintiffs thereupon paid the balance of the purchase price, acquired the property, and entered into possession of it the following day, but during the succeeding six months *394 water, according to the evidence, continued to enter the cellar. The defendant failed to perform his promise, thus necessitating expenditures by the plaintiffs to recover which the plaintiffs prosecuted the present action. The jury resolved that the defendant had failed to perform his contractual obligation. The plaintiffs have a judgment against the defendant for $1,500 damages, from which the defendant appeals.
Two questions are debated by counsel. Was there proof of a valid consideration for the agreement of August 15, 1950? Was the testimony relating to the parol statements made by the parties prior to the written contract of February 11, 1950 admissible?
Although the subjects are somewhat provocative of the undertaking, we shall not endeavor here to cite and anatomize the well-established decisional law anent adequate and valid considerations and the admissibility of parol evidence in actions ex contractu. The communication of the influential reasons for our conclusion to affirm the judgment will, it seems to us, be ample if we disclose our persuasion that there was evidence from which the jury could logically infer that the defendant chose to compromise a claim made by the plaintiffs in good faith and to incur the detriment to be visited upon him in exchange for the relinquishment of the obstructive insistence of the plaintiffs that the house in the respect mentioned had not been constructed in accordance with the intent of the contracting parties. The necessary elements of a valid contractual compromise are the bona fides of the dispute and conciliation and the reality, not the unknown and undetermined substantiality of the claim. Grandin v. Grandin, 49 N.J.L. 508 (Sup. Ct. 1887); Worcester Loom Co. v. Heald, 78 N.J.L. 172 (Sup. Ct. 1909); Military College Co. v. Brooks, 107 N.J.L. 28 (Sup. Ct. 1929); Gallicchio v. Jarzla, 18 N.J. Super. 206, 216 (Ch. Div. 1952).
Judge Larrabee, who presided at the trial, submitted the inquiry implicating the existence or not of such a situation to the jury in his instructions in which he stated:
*395 "Now, it is a fundamental law that an executory contract is not valid unless supported by a consideration, and so the performance or promise to perform any obligation previously existing under a contract with the promisee is not sufficient consideration to support a contract. A promise to do what the promisor is already bound to do cannot be a consideration, but this law is qualified by the rule that if the obligation was doubtful and was the subject of an honest and reasonable dispute, a promise to perform the obligation which previously existed is sufficient consideration to support a contract.

* * * * * * * *
So if Meola was bound under the original contract to buy the house and close title, this promise to close title for the agreement to remedy the water condition provided no new consideration. He was already bound, unless Meola's obligation to close title under the original contract was doubtful and the subject of an honest and reasonable dispute."
The core of a contract is the agglutinated intentions of the parties thereto. Where the parties have fully reduced their agreement to writing, the general rule of evidence enunciated in the familiar decision rendered in Naumberg v. Young, 44 N.J.L. 331 (Sup. Ct. 1882), forbids the admission of oral testimony of what was said by the parties during the preliminary negotiations for the purpose of contradicting, supplementing, or innovating the terms of the writing. The restraint of this rule is not applicable where the written contract is manifestly not intended to be complete or is accordingly silent with respect to certain essential particulars constituting the subject matter of the litigation. In such a situation the court is permitted to receive and consider the parol evidence offered by the parties expressive of those particulars which the parties thought unnecessary to embody in the writing, which are not in conflict with its terms and which in fact were encompassed by the intended bargain. Vide, Polakoff v. Halphen, 83 N.J. Eq. 126 (Ch. 1914).
In the instant case, as we have hereinbefore disclosed, the written contract only stated in general the obligation of the builder to complete the erection of a house substantially similar to that situate on the premises designated as O-71 Blue Hill Avenue, at Fairlawn. Thus the contract itself invites considerations of comparison.
*396 Was it intended that the house at 0-71 Blue Hill Avenue should have a dry cellar? We have the defendant's answer:
"Q. Did you ever say to him that you would give him a cellar that was free from water? A. That's right; we tell everybody that.
Q. When? A. When we build a house and we sell the house to the people.
Q. Before he signed the contract? A. That's right.
Q. You told him that he didn't have to worry; that there wouldn't be any water in the cellar? A. We just didn't tell him; we tell everybody that. We are responsible for it.

* * * * * * * *
Q. Did you contract to give them (the plaintiffs) a dry cellar? A. Yes, sir."
In the circumstances we are of the opinion that the parol evidence was admissible.
The judgment is affirmed.