811 A.2d 948 (2002)
356 N.J. Super. 180
Marie Rose PAUL, Plaintiff-Appellant,
v.
TIMCO, INC. t/a Planet Honda, and Honda Care a/k/a Honda Easy/Care, APCO, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 2002.
Decided December 20, 2002.
Simon L. Kaufman, Edison, argued the cause for appellant (Kohn & Needle, attorneys, Maplewood; Mr. Kaufman, on the brief).
*949 Neil E. Guthrie, Monmouth, argued the cause for respondent Timco, Inc. t/a Planet Honda (Baldinger & Levine, attorneys; Bruce E. Baldinger, Bridgewater, on the brief).
Shawn C. Huber, Westmont, argued the cause for respondent Honda Care and APCO (Brown & Connery, attorneys; Mr. Huber, on the brief).
Before Judges SKILLMAN, CUFF and LEFELT.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The question presented by this appeal is whether a purchaser of a product who paid additional money for an extended warranty may be required to arbitrate a claim under the warranty even though the document requiring arbitration was not sent to the purchaser until after the sales transaction. We conclude that the purchaser of a warranty may not be compelled to arbitrate warranty claims where the only sales document the purchaser signed did not require arbitration and she did not subsequently agree to arbitration.
On June 24, 1997, plaintiff purchased a used 1995 Mitsubishi from defendant Timco, Inc. t/a Planet Honda (Timco) under a retail installment contract. Plaintiff paid $13,355.24 for the car and an additional $1200 for what the contract described as an "extended warranty." The contract indicated that the issuer of the warranty was "Hondacar," which apparently was a misspelling of Honda Care. The contract did not set forth the terms of the warranty. However, according to plaintiff's certification, the Timco salesman who persuaded her to purchase the warranty told her it "would cover [her] for motor and transmission repairs for 5 years or 100,000 miles, whichever came first."
On June 30, 2000, plaintiff's car broke down, and she was informed that her transmission had to be replaced. According to plaintiff, she made a claim under the extended warranty for costs of the parts and labor, but defendants disclaimed responsibility on the ground that she had not properly maintained the transmission.
Plaintiff then brought this action against Timco, Honda Care[1] and APCO, which provides claims-handling service for Honda Care, for recovery of the $2787.69 she spent to have her transmission replaced. Plaintiff asserted claims for breach of contract, misrepresentation and violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -116. In its answer, Timco filed a cross-claim for indemnification against Honda Care.
Honda Care and APCO moved to dismiss plaintiff's complaint on the ground that the extended warranty required her to arbitrate the denial of any claim. In support of their motion, these defendants submitted an affidavit by Jeff Roberts, a Vice President of Claims Administration for APCO, which asserted that the extended warranty purchased by plaintiff was a "service contract" that was mailed to her residence after the transaction. However, Roberts did not purport to have personally mailed this document to plaintiff. Roberts' affidavit also indicated that APCO had not retained a copy of the document; APCO only had a form contract, which contained the arbitration clause Honda Care and APCO relied upon in support of their motion. Roberts stated that "[i]n addition to the contract terms reflected on *950 [the form contract] the Contract would also have included a page identifying Paul as the contract holder and APCO as the issuing provider, and confirming the Contract's New Vehicle coverage and term of 72 months or 100,000 miles."
In opposition to this motion, plaintiff filed an answering certification which stated that she was not given the Honda Care service contract when she purchased the car. The only document she signed or received was the retail installment sales contract, which stated as one of its terms that she had paid an additional $1200 for an extended warranty. Plaintiff also indicated that she received the service contract in the mail on July 28, 2000, more than three years after purchasing the car, in response to a letter from her attorney to Honda Care requesting a copy of this document. The service contract contained a "Honda Care" logo and a declaration page identifying APCO as the "issuing provider."
The trial court held that plaintiff was subject to the arbitration clause in Honda Care's form service contract, regardless of whether she received the document and agreed to its terms. Accordingly, the court dismissed plaintiff's claim and Timco's cross-claims against Honda Care and APCO. Although Timco had not moved for dismissal of plaintiff's complaint on the basis of the arbitration clause, the court's order provided that "[t]his entire matter, including all claims against all parties, shall be and hereby is REFERRED TO ARBITRATION in accordance with the terms of the vehicle service contract involved in this matter." Thus, the order apparently constituted a final disposition of the case as to all parties, subject to plaintiff's right to pursue arbitration.[2] The trial court subsequently denied plaintiff's motion for reconsideration.
The only contract executed by plaintiff was the retail installment contract she signed when she purchased the used car from Timco. One of the terms of this contract was that plaintiff would pay an additional $1200 to purchase an "extended warranty" from Honda Care. Although the retail installment contract did not set forth the terms of this warranty, according to plaintiff's certification, the Timco salesman who persuaded her to purchase the warranty told her it would provide coverage for motor and transmission repairs for 5 years or 100,000 miles, whichever came first.
If the trier of fact credits plaintiff's version of what the Timco salesman told her, his oral statements concerning the warranty may be found to be additional terms of the retail installment contract that would be binding upon Timco. See Meola v. Gorga, 27 N.J.Super. 390, 395, 99 A.2d 545 (App.Div.1953) ("[W]here the written contract is manifestly not intended to be complete[,] . . . the court is permitted to... consider the parol evidence offered by the parties expressive of those particulars which the parties thought unnecessary to embody in the writing...."). Moreover, if the salesman and Timco are found to have been acting as Honda Care agents in selling plaintiff the extended warranty, the salesman's statements also would be binding upon Honda Care. See Looman Realty Corp. v. Broad St. Nat'l Bank of Trenton, 32 N.J. 461, 476-77, 161 A.2d 247 (1960).
Unless a statute requires arbitration of a particular category of dispute (and defendants do not claim that any statute compels plaintiff to arbitrate her *951 claim), a party seeking to compel arbitration must show that the other party has agreed to this form of resolution. See Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 132, 773 A.2d 665 (2001). One party to a contract may not unilaterally impose an obligation to arbitrate upon another party to the contract. See Marchak v. Claridge Commons, Inc., supra, 134 N.J. 275, 282, 633 A.2d 531 (1993).
The retail installment contract did not contain any provision requiring plaintiff to arbitrate claims under the extended warranty. Moreover, according to plaintiff, the Timco salesman did not tell her she would be required to arbitrate any warranty claim. Therefore, in the absence of a subsequent agreement by plaintiff to submit claims to arbitration, she is entitled to enforce her rights under the warranty by judicial proceedings.
The only competent evidence concerning plaintiff's receipt of the Honda Care service contract containing an arbitration clause is her certification, which states that she did not receive this document until more than three years after purchasing the car. But even if Honda Care and APCO could show that this document was sent to plaintiff shortly after she purchased the car, plaintiff would not be bound by any of its terms that derogated from her rights under the previously executed retail installment contract, unless defendants could show that she agreed to such modified or additional terms. See County of Morris v. Fauver, 153 N.J. 80, 100, 707 A.2d 958 (1998).
Although the Honda Care service contract is the sole basis for plaintiff's asserted obligation to arbitrate her claims under the extended warranty, defendants did not present any evidence that plaintiff agreed to the arbitration clause or any other provision of this document. Consequently, what defendants have characterized as the service contract is not in fact a contract but at most an offer for a modification of the extended warranty provision of the retail installment contract, which plaintiff did not accept. See Marlene Indus. Corp. v. Carnac Textiles, Inc., 45 N.Y.2d 327, 408 N.Y.S.2d 410, 380 N.E.2d 239, 241-42 (1978); cf. Alloway v. Gen. Marine Indus., L.P., 149 N.J. 620, 630, 695 A.2d 264 (1997) ("[A] provision in a merchant's form is not binding on a consumer unless the consumer has signed the form.").
In sum, defendants failed to present any evidence that plaintiff agreed to the arbitration provision in the "service contract" mailed to her after she purchased her car. Therefore, the trial court erred in concluding that plaintiff is required to arbitrate her claims against defendants in accordance with that provision.[3]
Accordingly, the order dismissing plaintiff's complaint is reversed and the case is remanded to the trial court.
NOTES
[1] The answer filed on behalf of Honda Care states that the true name of this defendant is American Honda Finance Corporation. However, the parties have referred to this defendant as Honda Care in their briefs, and we do the same in this opinion.
[2] Although Timco opposed Honda Care's and APCO's motion to dismiss, it now contends that the trial court properly dismissed plaintiff's complaint based on the arbitration clause.
[3] Because the only issue before us is whether plaintiff is required to arbitrate her claims in accordance with the arbitration clause contained in Honda Care's standard form service contract, we have no occasion to consider whether plaintiff may rely upon other provisions of this document that are consistent with her rights under the retail installment contract and may be reasonably applied in the circumstances. Cf. Restatement (Second) of Contracts § 204 (1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances may be supplied by the court.").