**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0677-23

RONALD COSCIA,

    Plaintiff-Appellant,

v.

CHW GROUP, INC.,

    Defendant-Respondent.

_____

Submitted March 13, 2024 – Decided July 2, 2024

Before Judges Accurso and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-004585-23.

McAndrew Vuotto, LLC, attorneys for appellant (Robert W. McAndrew, of counsel and on the briefs).

CHW Group, Inc., attorneys for respondent (Richard M. Grace, on the brief).

PER CURIAM

Plaintiff Ronald Coscia appeals from an order dismissing his complaint against defendant CHW Group, Inc., doing business as Choice Home Warranty, based on an arbitration clause in an unsigned home warranty contract and ordering the parties to arbitration. We reverse.

Coscia, who resides in Roanoke, Virginia, filed a Special Civil Part complaint alleging he entered into a one-year home warranty contract "number 715799774" with Choice for an annual premium of $800, which he claims it breached by failing to repair or replace his furnace. He alleged claims for breach of contract and violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, seeking damages of $15,000, the former jurisdictional limit of the Special Civil Part before the July 1, 2022 amendment of Rule 6:1-1(c), plus costs and attorney's fees.

Choice filed an answer denying the allegations of the complaint and a motion to dismiss based on the contract's mediation and arbitration clauses. Attached to counsel's certification in support of the motion was a packet mailed to Coscia on an unspecified date. The packet contained an unsigned letter to "Ron" from "The Team @ CHOICE," welcoming and commending him for choosing Choice, and advising him to "take a moment to read through this booklet. Inside you will find your contract, selected coverage, and a

A-0677-23

variety of information that will help you get the most out of your new home warranty. Your coverage is dependent on the plan you have selected." A "Common Questions" section advised that "[c]overage begins 30 days after enrollment and receipt of applicable contract fees and continues for 365 from your start date." The welcome letter advised that plaintiff could "simply log on to our website located at www.ChoiceHomeWarranty.com and file your claim online." The contract enclosed included an arbitration clause but did not reference the contract number, and although it contained a line for a buyer's signature and date, both were blank. No application or enrollment form completed by Coscia was included in the motion papers.

Coscia opposed the motion, contending Choice had failed to put forth any document supporting its allegation that he had agreed to the arbitration provision, noting the agreement Choice provided was unsigned and the packet mailed to him after his purchase. The trial court granted Choice's motion to dismiss without hearing argument and without a statement of reasons required pursuant to Rule 1:7-4(a), notwithstanding it signed a dispositive order dismissing the complaint with prejudice and ordering the parties to arbitration, an order appealable as of right pursuant to Rule 2:2-3(b)(8), even if only

3

staying the action as required by Rules 2:9-1(a)(3) and 2:9-5(c) and N.J.S.A. 2A:23B-7(g).

Because the enforceability of a contract, including an arbitration agreement, is a question of law, Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014), our review is de novo. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019).

On appeal, Coscia renews his argument to the trial court that he was never asked to sign anything indicating his agreement to the arbitration provision in the unsigned contract provided to him after he signed up with Choice. He also adds that the trial court's failure to have explained its reasons for the decision requires, at the very least, a remand. Choice fails to address either argument. Instead, it points out that Coscia concedes both he and Choice are parties to a home warranty contract, number 715799774, that contains a mandatory arbitration clause governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, which it argues passes muster under Kernahan v. Home Warranty Administrator of Florida, Inc., 236 N.J. 301, 319 (2019), requiring we affirm the trial court's decision to send the case to arbitration.

The obvious factual issue in the case, unaddressed by both Choice and the trial court, is whether Coscia agreed to arbitrate this dispute. Both federal

4

and State law are unequivocally clear that "[a]n arbitration agreement is valid only if the parties intended to arbitrate because parties are not required 'to arbitrate when they have not agreed to do so.'" Id. at 317 (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989)). "[B]asic contract formation and interpretation principles still govern [arbitration agreements], for there must be a validly formed agreement to enforce." Id. at 307.

Coscia is not challenging the validity of the contract; he is trying to enforce the contract. His claim, as we understand it based on the sketchy record, is that he wasn't aware and did not understand the contract contained an arbitration clause until he received the document in the mail, after he had already enrolled in the warranty program and paid the fee. See Bernetich, Hatzell & Pascu, LLC v. Med. Rec. Online, Inc., 445 N.J. Super. 173, 184 (App. Div. 2016) (holding "a party may not impose an arbitration clause after the parties have already exchanged consideration and created an enforceable contract"); Paul v. Timco, Inc., 356 N.J. Super. 180, 185-86 (App. Div. 2002) (holding "the purchaser of a warranty may not be compelled to arbitrate warranty claims where the only sales document the purchaser signed did not require arbitration and she did not subsequently agree to arbitration").

A-0677-23

Coscia's claim that Choice didn't make him aware of the arbitration clause until after he had enrolled in the warranty program and paid the $800 fee must be decided by the court and not an arbitrator as it goes to whether he agreed to arbitrate the underlying dispute over repair or replacement of the furnace in the first place. See Goffe, 238 N.J. at 209 (explaining the rule of Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 403-04 (1967), that a claim of "fraud in the inducement of the arbitration clause itself — an issue which goes to the 'making' of the agreement to arbitrate" is decided by the court, whereas "claims of fraud in the inducement of the contract generally" must be decided by the arbitrator).

We reverse the order dismissing the complaint with prejudice and remand for its reinstatement and further proceedings, including limited discovery on the purported agreement to arbitrate before consideration of any renewed motion to compel arbitration, which should be decided under the standards of Rule 4:46-2 and Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 523 (1995). In the event summary judgment cannot be granted to either party, the court should resolve the issue through a summary trial limited to "'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the [Federal Arbitration Act]

envisions." Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 776 (3d Cir. 2013) (quoting Somerset Consulting, LLC v. United Cap. Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011) (quoting 9 U.S.C. § 4)).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-0677-23