VITO DE FEO, PROSECUTOR, v. RECORDER'S COURT OF THE TOWN OF BELLEVILLE, RESPONDENT.

Argued January 20, 1943—Decided February 23, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *Lawrence E. Keenan.*

The opinion of the court was delivered by

CASE, J. A complaint issued out of the Recorder's Court of the Town of Belleville, in the County of Essex, charging prosecutor with having committed an assault and battery. The charge was couched in appropriate terms. The prosecutor pleaded not guilty, waived indictment and trial by jury

and requested in writing that he be tried immediately before the recorder. The recorder accordingly conducted the trial and at the close found prosecutor guilty and imposed upon him in penalty a fine of $25.

The question before us for decision is whether, as against any ground *contra* presented to us by the prosecutor, the recorder had jurisdiction to try defendant for the offense of assault and battery. It is advanced by the prosecutor, first, that the legislature has not conferred such jurisdiction and, second, that the prosecutor did not and could not, by waiver or consent, confer jurisdiction. It is settled that neither waiver nor consent confers jurisdiction where the tribunal otherwise has no jurisdiction over the subject-matter. *King* v. *Scala,* 110 *N. J. L.* 321, 324; *Hadelman* v. *Harris,* 93 *Id.* 66.

The reasoning given in support of the first proposition is that the jurisdiction of the Recorder's Court in the Town of Belleville is limited to the authority granted in *R. S.* 2:225-3 which admittedly does not undertake to and does not, in fact, grant jurisdiction to try the charge of assault and battery. But *R. S.* 2:216-4 provides:

"Except in counties where criminal judicial district courts are or may be established, when any person charged with any of the offenses herein enumerated shall, in writing, waive indictment and trial by jury, the recorder, * * * in * * * towns having a population of over one thousand inhabitants, shall, in addition to his other powers, try and determine all cases of assault, simple assault and battery, malicious mischief; * * * and also other criminal offenses, the penalty for which does not exceed a fine of one hundred dollars, or imprisonment for a term not exceeding six months; where any of the specified crimes are committed within the corporate limits of the municipality in which the criminal court is established."

That statutory provision is immediately followed by section 5 (*R. S.* 2:216-5) which declares:

"Upon conviction of any person, such court may impose such penalty or penalties as may be provided by law for the offense of which the defendant shall be convicted."

The argument upon which prosecutor seeks to avoid the application of that grant of jurisdiction is that the final clause of section 4 places such a limitation that an offense named anywhere in the section does not come within the granted jurisdiction if the penalty fixed thereon exceeds a fine of $100 or imprisonment for a term not exceeding six months; a contention which, if sound, would eliminate the crime of assault and battery for the reason that that offense comes within the class of misdemeanors which (*R. S.* 2:103-6) are punishable by a fine not exceeding $1,000 or by imprisonment, with or without hard labor, as the court may direct, for a term not exceeding three years, or both. But the punctuation and the context make clear that the limitation upon which prosecutor relies bears only upon the added classification of undesignated criminal offenses that come within the specific clause wherein the limitation is stated, and that section 5 saves to the offense of simple assault and battery, when tried in the Recorder's Court in accordance with the terms of the statute, its appropriate penalty. The words "simple assault and battery" relate to the misdemeanor commonly known as "assault and battery." Further emphasis upon the legislative purpose to grant the jurisdiction is contained in the next succeeding section, *R. S.* 2:216-7, which provides that if on the trial it shall appear from the evidence that the defendant was guilty of *atrocious* assault and battery the magistrate trying the case shall not proceed therewith but shall discontinue the case on his docket and forthwith send the complaint to the prosecutor of the pleas to be dealt with in the usual manner. Criminal Judicial District Courts have not been established in the County of Essex.

We conclude that the judgment is not impaired by the alleged faults charged against it by the prosecutor and that the same should be affirmed, with costs.