THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MILTON HUBSCHMAN, PLAINTIFF IN ERROR.

Submitted October 2, 1945—Decided January 9, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff in error, *Siegler & Siegler* (*Irving Siegler,* of counsel).

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas, and *C. William Caruso,* Special Assistant Prosecutor.

The opinion of the court was delivered by

OLIPHANT, J.   Plaintiff in error was tried and convicted in the Essex County Court of Special Sessions on an allegation, an indictment and trial by jury having been waived, which charged him with obtaining money under false pretenses.

The entire record of the proceedings had upon the trial has been returned with the bill of exceptions under *R. S.* 2:195–16.

There are eleven assignments of error and identical specifications for reversal argued under six points.

*First:* It is urged that the state failed to establish the making of false representations by the defendant. The allegation charged that "Milton Hubschman did by color and means of false pretense, obtain the sum of twelve thousand dollars for a half interest in a tavern situated at 329 6th Avenue, in the City of Newark, by falsely representing to the said Aart Pacrels and his wife Julia, that the tavern was unencumbered, when in truth and fact the said Milton Hubschman then and there knew that there was a chattel mortgage on the said tavern on file in the Office of the Essex County Register of Deeds and Mortgages, and the said complainant relying upon the representations of the said Milton Hubschman as true, was cheated and defrauded of the sum of $12,000.00 contrary to the form of the Statute, in such case made and provided."

There was evidence in the case that the defendant upon being asked if there were any outstanding bills or mortgages against the place answered "there was a small liquor bill outstanding." There was further testimony by the son of the complainant as follows:

"*Q.* You listen carefully to me. Did your father ask Mr. Hubschman whether there were any chattel mortgages or encumbrances upon this place? Yes or no. *A.* Yes, he did. *Q.* He asked him that? *A.* Yes. *Q.* What did Mr. Hubschman say about any chattel mortgages on the premises? *A.* There weren't any."

It is admitted that there was an existing recorded chattel mortgage for $5,000 on which was due the sum of $4,500 on September 12th, 1944, and that defendant knew of this fact, whereas complainant did not. There was, as seen, evidence of an affirmative false representation. There was also unequivocal testimony that complainant relied on the representation that there was no mortgage existent, that complainant was induced thereby to part with his money and that as a result of the misrepresentation the defendant obtained from complainant $10,000. There was evidence to support all the necessary elements of the crime.

But plaintiff in error says that after the conversations relative to encumbrances the parties entered into a written contract the terms of which bound them and nullified any previous statements or representations.

The pertinent section of that contract reads:

"All the bills, and claims, of what so ever nature that may be against the Tavern, recorded or otherwise which have accrued up to and including September 12th, 1944, shall be paid for by the said Frances Hubschman and Milton Hubschman; and that from that said date on to be paid for jointly by the said Hubschmans and Paerels, share and share alike."

It is argued the written contract has incorporated therein the very items or statements which are alleged to be the subject of misrepresentation by the seller and that therefore the situation comes clearly within the rule applicable in civil cases where all prior negotiations and discussion are merged into a subsequent contract in writing, citing *Curtiss-Warner Corp.* v. *Thirkettle,* 99 *N. J. Eq.* 806. We do not so hold.

It was a natural thing to include in the contract a provision guarding against any known or unknown encumbrances and it cannot be said that the provision deals with the mortgage in

question or that it put complainant on notice. Of course this contract was evidential in weighing the question as to whether or not reliance was placed on the alleged oral representation or on that writing, but to say that false oral representations leading to the execution of a contract, upon the making of which the consideration passed, and which does not embody those representations or which changes the portent thereof, relieves one of having made the representations would be to defeat punishment for both the statutory and common-law crime. The rule advocated is not applicable in a criminal case where the single question to be determined is whether certain false representations were made, were relied upon and resulted in money loss.

*Second:* It is next urged that the court erred in permitting the defendant in error to reopen the state's case after it had rested. No exception to this procedure was entered on the record. Even so this action by the court was purely discretionary and affords no ground for review. *Vogel* v. *North Jersey Street Railway Co.,* 69 *N. J. L.* 219. There was clearly no abuse of discretion.

*Third:* No error was committed by the court in refusing to grant defendant's motion for acquittal. Upon the evidence as it stood at the time the motion was made there was a case for the court's consideration.

*Fourth:* Our examination of the case leads us to the conclusion that the verdict was not against the weight of the evidence. On the contrary the testimony amply supports the verdict as rendered.

*Fifth:* Plaintiff in error claims the trial court erred with respect to its rulings on leading questions propounded by the prosecutor in the examination of one of its witnesses. It has repeatedly been held that it is within the discretion of the trial judge to determine whether or not leading questions should be permitted to be asked of a witness. *State* v. *Merra,* 103 *N. J. L.* 361. There was no abuse of that discretion as claimed.

*Sixth:* With reference to this point, which relates to alleged error respecting the testimony of another witness, suffice it to

say that no objections were interposed to the questions propounded.

The judgment is affirmed.