**D'OSTROPH v. PESCOR.**

No. 4795.

District Court, W. D. Missouri, W. D.

Oct. 29, 1947.

James D'Ostroph, pro se.

Sam M. Wear, U. S. Dist. Atty., of Springfield, Mo., and Earl A. Grimes, Asst. U. S. Dist. Atty., of Kansas City, Mo., for defendant.

REEVES, District Judge.

The petitioner filed his complaint on July 12, 1947. Two days thereafter, Judge Ridge, one of my associates, examined the complaint and issued a show cause order to the respondent. The respondent was required to show cause "on the 24th day of July, 1947, why a writ of habeas corpus should not issue on the application of petitioner in the above entitled cause."

Pursuant to said show cause order the respondent did, on July 21, 1947, make response both to the petition and to the show cause order issued by the court. The court has examined both the complaint with its exhibits and the response filed by the respondent with exhibits. From these the following facts may be gleaned:

The complainant raises many questions, such as that the petitioner was without counsel at the time he entered his plea of guilty; that at such time he was insane; that there were defects in the indictment; that there were irregularities in the proceedings, and that the venue in one of the counts was improperly placed.

The exhibits submitted by the petitioner show that he did have counsel, and that the

indictment contained averments appropriate for venue at the place where disposition was made of the case. The only defect in the indictment mentioned was that it was not endorsed by the foreman of the grand jury. All of these, together with other complaints, have been examined.

 1. Both the exhibits proffered by the petitioner and by the respondent show that the petitioner not only had counsel at the time of his plea but that counsel had been appointed for him 8 days before he entered his plea of guilty on July 16, 1946. The court deferred sentence after the plea of guilty several days before sentence was imposed. The chronology shows that the indictment was returned and filed on June 11, 1946; counsel was appointed on July 8, 1946; petitioner was arraigned and entered his plea of guilty on July 16, 1946, and judgment and commitment were entered and issued on July 22, 1946.

The averment by the petitioner that he was without counsel was completely disproved by the exhibits to his complaint as well as by the exhibits to the response filed by the respondent.

2. It is the rule that habeas corpus involves an inquiry as to the jurisdiction of the court imposing the sentence. Questions of irregularity either in the pleadings or in the procedure are matters to be heard on appeal and cannot be reviewed in habeas corpus. Otherwise habeas corpus would be substituted for an appeal, and this is forbidden. Moreover, no irregularities or defects were discernible in the indictment. The question of venue could not be raised for the reason that the indictment shows that the venue was properly placed.

3. The only other question in the case (which doubtless caused the issuance of a show cause order) was the averment or averments that the petitioner was insane at the time he entered his plea of guilty. This question has been settled in the very recent case of Byrd v. Pescor, Warden, 163 F.2d 775, decided by the Court of Appeals of this circuit. In an exhaustive opinion the appellate court, with all of the judges concurring, held that on questions of insanity, as in this case, the proper course for the complainant, under the New Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, is to file a motion before the judge imposing the sentence. Under the law a sentence in the case of insanity would be illegal and the defendant (petitioner) would have a right to file a motion to correct the sentence.

In view of the above there is no issue to be tried in this court and under the law the petition should be dismissed. The application for a writ of habeas corpus should be denied and petitioner's petition should be dismissed. It will be so ordered.