**BROWN v. PESCOR.**

No. 4907.

District Court, W. D. Missouri.

Nov. 8, 1947.

Scott Brown, per se.

Sam M. Wear, U. S. Atty., of Springfield, Mo., for defendant.

REEVES, District Judge.

The petitioner seeks to proceed in forma pauperis. His affidavit being sufficient, an order will be made granting him this privilege.

The petition has been examined. Two points are raised, first, he says that when he entered his plea of guilty on May 27, 1941, he "was sick, drunk and unconscious and without an Attorney to defend him * * *," and, second, that after he had served a portion of the sentence of five years he was granted a parole but subsequently the order of parole was illegally revoked and his good time, amounting to 480 days, was forfeited and he is now being forced to serve that period.

1. On the question of his competency at the time he entered his plea of guilty, the Court of Appeals, this Circuit, in Byrd v. Pescor, 8 Cir., 163 F.2d 775, on October 7th last ruled that this would be in the nature of an illegal sentence, if the facts alleged were true, and that the petitioner should file his motion in the court where the sentence was imposed so that the judge imposing the sentence might correct the record.

2. On the question of being without counsel, the averment does not say that counsel was not waived in a competent and intelligent manner, and, without such averment, there would be no violation of petitioner's constitutional rights.

3. On the matter of the good time, it is permissible for the Parole Board to annul orders of parole when a reason therefor appears. A good time allowance is not a vested right but one that is granted as a matter of grace and may be forfeited and taken away from the prisoner. There is no showing in this complaint that the Parole Board did not, with good reason, cancel the parole and direct that the petitioner be required to serve the remainder of the sentence.

In view of these, the writ of habeas corpus should not be issued.