28 N.J. Super. 259 (1953)
100 A.2d 500
ROBERT FRANK MANDA, JR., APPELLANT,
v.
STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Decided November 6, 1953.
*261 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Robert Frank Manda, Jr., pro se.
Mr. C. William Caruso for respondent (Mr. Edward Gaulkin, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Appellant Robert Frank Manda, Jr., a prisoner in the New Jersey State Prison, applied to the Municipal Court of Newark, the successor to the First Criminal Court of Newark, under R.R. 3:7-13 for a correction of an illegal sentence. The sentence in question was imposed by the former Judge Pellecchia in the latter court on October 9, 1947.
It appears that theretofore on January 23, 1945 Manda had been sentenced by Judge Pellecchia to one year in the Essex County Penitentiary for grand larceny, having stolen a sum more than $20 and less than $200. Service of the sentence was suspended and Manda was placed on probation for three years. He violated his probation, and on October 9, 1947 Judge Pellecchia revoked the probation and, according to the records of the court, committed him to Annandale Reformatory "(sentence indeterminate term)." However, according to the records of a probation officer of Essex County in court at the time (so it would appear), Judge Pellecchia first sentenced him that day to nine months in the Essex County Penitentiary and later the same day changed the sentence to the indeterminate sentence mentioned. Manda claims he was absent at the time of the latter sentence.
Manda went to Annandale, and while there, escaped. On August 24, 1951 he was sentenced by the Hunterdon County Court to three separate terms in the State Prison on two charges of an escape (one from Annandale and the other from the Hunterdon County Jail) and one robbery charge. The terms were, each, not less than one and not more than three years, two of them to run consecutively and the third concurrently.
*262 The Municipal Court of Newark denied Manda's above-mentioned application for correction of an illegal sentence, and he then appealed to the Superior Court, Law Division, though such a matter is appealable only to the County Court. N.J.S. 2A:3-6. The Superior Court treated the appeal as an application for a writ of habeas corpus, and then properly dismissed the writ. The maximum term of the first sentence imposed by the Hunterdon County Court will not expire until August 24, 1954. The writ is allowable only where a person is entitled to an immediate release. In re Kershner, 9 N.J. 471, 476 (1952); In re Robilotto, 24 N.J. Super. 209, 212 (App. Div. 1953). Even though a minimum portion of the sentence has expired, a court cannot interfere. No authority except a paroling or pardoning authority can terminate the running of a maximum term of a sentence. In re Fitzpatrick, 9 N.J. Super. 511 (Cty. Ct. 1950), affirmed 14 N.J. Super. 213 (App. Div. 1951).
R.S. 2:26-60 provided that no cause pending in certain specified courts, civil or criminal, could be dismissed solely on the ground that the court was without jurisdiction of the subject matter, either in the original suit or on appeal, but the cause must be transferred to the proper court. This statute and, so far as pertinent, the procedure outlined in R.S. 2:26-60 to 2:26-62, are very much a part of the spirit of our present system of practice, though the statutes have been repealed and only certain aspects of the statutes were taken over in R.R. 4:3-4; 1:4-10; 3:7-15 (c). We hold that the Superior Court had the power as a matter of common law to transfer the cause to the County Court. This it should have done.
Where any criminal cause properly transferable under the principle we have stated above is appealed to the Appellate Division without having been transferred, the Appellate Division should decide the appeal, upon the analogy of R.R. 1:4-10 which governs only civil causes. See State v. Smith, 6 N.J. Super. 85, 90 (App. Div. 1949); State v. Simpkins, 8 N.J. Super. 194 (App. Div. 1950). Under *263 our system of practice, wrongs should not go unremedied for lack of a rule to deal with them. Ours is no code arrogating to itself exclusive cognizance over all matters of practice.
Two questions are therefore presented by the application under R.R. 3:7-13: first, whether the First Criminal Court of Newark had authority to change the original sentence so as to send Manda to Annandale when he violated his probation, and, second, whether the alleged change of sentence, in Manda's absence, from a nine months term to an indeterminate sentence, if in fact such a change was made, is valid.
We are concerned with the statutes in force at the time the sentence was changed. At that time R.S. 2:219-33 provided that in a case where the person charged waives indictment and trial by jury (which Manda did when first brought up), the criminal courts in a city of the first class, including Newark, had jurisdiction over "all cases of * * * larceny * * * where the amount alleged to have been taken is not more than two hundred dollars." R.S. 2:219-37 authorized these courts to "impose such penalty or penalties as may be provided by law for the offense for which the defendant shall be convicted." R.S. 2:145-2 made it a high misdemeanor to steal money or personal goods and chattels in an amount exceeding $20; and R.S. 2:103-5 fixed the penalty for high misdemeanors where the statutes do not otherwise specifically provide, at not exceeding $2,000 or a term of imprisonment not exceeding seven years, or both.
The Newark Criminal Court therefore had the right on a charge of grand larceny to sentence a person up to seven years. A person sentenced for one year or more could be sent to State Prison, R.S. 2:192-3, as amended L. 1945, c. 153, and if between the ages of 16 and 26, could be committed to Annandale, R.S. 30:4-151.
When Manda violated his parole and was brought before the Newark Criminal Court on October 9, 1947, the court could, under R.S. 2:199-4, as amended L. 1947, c. 121, effective May 7, 1947, State v. Pascal, 133 N.J.L. 523 *264 (Sup. Ct. 1946), affirmed 1 N.J. 261 (1949), "impose any sentence which might originally have been imposed." It could therefore have sentenced him up to seven years for the grand larceny. Under R.S. 30:4-152 courts in sentencing to Annandale are directed not to "fix or limit the duration of sentence, but the time which any person shall serve in the reformatory shall not in any case exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced * * *." It was therefore not illegal for the Newark Criminal Court to change Manda's original sentence and commit him to Annandale under an indeterminate sentence.
The second question arises out of the claim that the prisoner was absent from the court at the time that his sentence was allegedly increased from nine months to an indeterminate sentence (which could not be imposed unless he could be sentenced to a term of a year or more). It has been said  following a dictum in McIntosh v. Pescor, 175 F.2d 95 (6 Cir., 1949)  that R.R. 3:7-13 cannot be availed of except in those cases where the record itself discloses an illegal sentence. State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949), affirmed 6 N.J. Super. 395 (App. Div. 1950); State v. Tyska, 12 N.J. Super. 159 (Cty. Ct. 1951); In re Gladstone, 12 N.J. Super. 589 (Cty. Ct. 1951). I am informed that there is practice in the Essex County Court to the contrary. See Byrd v. Pescor, 163 F.2d 775 (8 Cir., 1947), certiorari denied 333 U.S. 846, 68 S.Ct. 648, 92 L.Ed. 1129 (1948); Brown v. Pescor, 74 F. Supp. 549 (D.C. Mo. 1947); D'Ostroph v. Pescor, 7 F.R.D. 569 (D.C. Mo. 1947). Where an issue as to the legality of a sentence arises dehors the record, the dictum in McIntosh v. Pescor, supra, states the remedy is by habeas corpus. On the other hand Byrd v. Pescor, supra, would seem to hold that the remedy is not by habeas corpus, but by an application to correct an illegal sentence. The strong tendency of the law of this State is against the building up of separate forms of action; a party should not be put out of court if through error he selects the wrong form.
*265 We deal only with a case where (as alleged here) the sentence is utterly void. In such a case we see no good reason not to consider the invalidity of a sentence, even though the issue appears off the record.
Nor do we think relief should be denied, merely because the words of the rule "correct an illegal sentence" do not aptly refer to the vacation of a void sentence. In our view the rule was intended to provide for relief from a void sentence. Moreover, when a prisoner is sentenced twice, the second sentence being void, a proceeding under R.R. 3:7-13 should not be made to wait until the first sentence has been served.
A sentence passed in the absence of the defendant is void. Anderson v. Denver, 265 F. 3 (8 Cir., 1920); Cook v. United States, 171 F.2d 567 (1 Cir., 1948), certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949); Price v. Zerbst, 268 F. 72 (D.C. Ga. 1920); West v. State, 22 N.J.L. 212 (Sup. Ct. 1849); State v. Peacock, 50 N.J.L. 34 (Sup. Ct. 1887); In re Hayden, 101 N.J. Eq. 361 (Ch. 1927); 24 C.J.S., Criminal Law, § 1574, page 81; cf. R.R. 3:5-4.
The judgment is reversed, and the cause is sent, by way of remand, to the Essex County Court to take proof as to whether the sentence was changed from nine months to an indeterminate sentence in the absence of Manda, and if so, to resentence him.