Ernest **INGENITO**, Petitioner,

v.

The **STATE OF NEW JERSEY**, Respondent.

Civ. No. 431–56.

United States District Court
D. New Jersey.

May 16, 1956.

Ernest Ingenito, pro se.

FORMAN, Chief Judge.

This petitioner is presently confined in the New Jersey State Prison on five life sentences for murder. The first was im-

52770 (Costa Rica); 86 id. 360, T.D. 52838 (Peru); 86 id. 408, T.D. 52874

(General Agreement: China); and 89 id. 103, T.D. 53496 (Uruguay).

posed January 19, 1951, after conviction by jury of murder in the first degree, with recommendation of clemency. The other four were imposed on January 9, 1956, after pleas of non vult to indictments charging murder in the first degree.

This court is now asked to dismiss the latter four indictments and set aside the life sentences imposed thereon. The ground on which the court is urged to take this action is that the delay from December, 1950, when the indictments were returned, to January, 1956, when the pleas of non vult were entered, violated petitioner's constitutional right to a speedy trial. No challenge is made by petitioner to the validity of the life sentence resulting from the jury verdict of guilty of first degree murder.

■ Although not specifically so entitled, petitioner's "motion" in this court will be treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. That statute contains the only authority possessed by this court to interfere with the administration of criminal justice by the State of New Jersey.

■■ On firmly settled authority the writ may not issue here. The remedy of habeas corpus will not lie unless the petitioner, upon its issue, becomes entitled to immediate release. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. This is the New Jersey rule also, Manda v. State, App.Div.1953, 28 N.J. Super. 259, 100 A.2d 500; In re Robilotto, App.Div.1953, 24 N.J.Super. 209, 94 A.2d 207. Thus, a prisoner confined under concurrent sentences is not entitled to habeas corpus to challenge less than all of them, since he must successfully assail them all in order to become entitled to release. Lee v. Swope, 9 Cir., 1955, 225 F.2d 674; Thomas v. Hudspeth, 10 Cir., 1942, 127 F.2d 976. Therefore,

It is on this 16th day of May, 1956, ordered that the petition for a writ of habeas corpus in this case be denied, and,

It is further ordered that the clerk of this court file the petition for the writ, its accompanying papers, and this opinion and order without costs.