43 N.J. Super. 234 (1957)
128 A.2d 295
IN THE MATTER OF THE APPLICATION OF ROBERT C. SOMERS, NEW JERSEY STATE PRISON, FOR ISSUANCE OF WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Law Division.
Decided January 3, 1957.
*236 Mr. Charles V. Webb, Jr., Essex County Prosecutor (Mr. William Caruso appearing), for State of New Jersey.
Mr. Leslie S. Kohn, for applicant Somers.
WAUGH, J.S.C.
Petitioner, Robert C. Somers, by application for writ of habeas corpus seeks to secure his immediate release from New Jersey State Prison. His incarceration there resulted from the following set of facts.
On May 14, 1956, in the Municipal Court of the City of Newark, petitioner signed a waiver of indictment and trial by jury pursuant to N.J.S. 2A:8-22 and thereafter entered his plea of guilty to a charge of larceny. He was sentenced by the magistrate to a term of 30 months at State Prison. On June 6, 1956 the magistrate resentenced the petitioner, fixing the term in State Prison as not less than two years nor more than 30 months, thus complying with N.J.S. 2A:164-17.
On May 14, 1956, also in the municipal court of the City of Newark, petitioner signed another waiver and pleaded guilty to a second charge of larceny. On this charge he *237 was sentenced to a term of six months at State Prison, to run concurrently with the sentence imposed on the first larceny charge. Such a sentence is permissible only if N.J.S. 2A:164-15 is applicable to the municipal court. The question becomes moot in this case as the six-month sentence was completely served prior to the hearing in this matter.
In his application, filed July 5, 1956, the petitioner claimed that he was tried and sentenced without benefit of counsel after he had specifically requested the magistrate for an opportunity to retain counsel at his own expense. This ground, and the accompanying one of a possible abuse of discretion by the magistrate in refusing to allow a further adjournment for the purpose of obtaining counsel, were both abandoned at the hearing before this court, when it appeared that what was actually in question was the power of the magistrate to commit to State Prison.
Therefore, the only proper question before this court is as to the power and authority of the magistrate to commit to State Prison for those offenses enumerated in N.J.S. 2A:8-22.
After the hearing on this writ, petitioner was given leave, upon request of counsel, to submit an application to the sentencing magistrate, to correct the alleged illegal sentence. The magistrate heard the matter and concluded that he had authority to impose the sentence to State Prison.
The only basis upon which this court could make the writ of habeas corpus absolute would be to find that the magistrate lacked the jurisdiction to try, convict and sentence the petitioner. I find that N.J.S. 2A:8-22 confers such jurisdiction upon the magistrate and, therefore, the petitioner is not entitled to the remedy of habeas corpus. On the other hand, petitioner attacks the validity of the sentence imposed and he is therefore entitled to move to correct that sentence.
The proper method of disposing of this matter is, of course, by appeal from the magistrate's refusal to correct the sentence. However, as Judge Clapp stated in Manda v. State, 28 N.J. Super. 259, 264 (App. Div. 1953):
*238 "The strong tendency of the law of this State is against the building up of separate forms of action; a party should not be put out of court if through error he selects the wrong form."
Under our enlightened system of jurisprudence no defendant should be incarcerated in the wrong institution while preparation is made for a decision on the question of such improper incarceration such as is now before this court.
New Jersey has a long legislative history of granting jurisdiction to inferior courts in certain criminal cases upon the condition of the filing of a proper waiver by defendants. Several examples of such legislation are to be found in the reported cases of De Feo v. Recorders Court of Town of Belleville, 129 N.J.L. 549 (Sup. Ct. 1943), and Manda v. State, 28 N.J. Super. 259 (App. Div. 1953). It is noted that in each instance the statutes conferring jurisdiction also contained specific provisions on the extent of the power to impose sentence.
The sentencing provision involved in the De Feo case was R.S. 2:216-5, which read as follows:
"Upon conviction of any person, such court may impose such penalty or penalties as may be provided by law for the offense of which the defendant shall be convicted."
The section involved in the Manda case was R.S. 2:219-37 as follows:
"Upon any conviction under the provisions of this article, the court trying the cause may impose such penalty or penalties as may be provided by law for the offense of which the defendant shall be convicted."
In the revision of Title 2 these sections were omitted. The reporters for the Advisory Committee on Revision of Statutes (Tentative Draft, Part 1) have the notation "Unnecessary. Cf. Rule 8:7-8" after each of the above quoted sections.
Can it be said, then, that the failure of the Legislature, either purposely or through inadvertence, to reenact R.S. *239 2:219-37, thereby deprived the municipal court of the power to sentence to any institutions other than the county jail or workhouse?
Petitioner posits an affirmative answer upon the following three propositions:
1. That the municipal court has only the powers given in chapter 8 of Title 2A.
2. That the power to commit is strictly limited by N.J.S. 2A:8-30; which provides:
"Any magistrate of a municipal court by whom judgment or sentence of imprisonment shall be given may issue his warrant under his hand and seal to any peace officer or other person authorized by law, commanding him to take and convey the defendant to the county jail or workhouse, there to remain until the term of imprisonment shall have expired, and from thence until the costs of the prosecution be paid. In case the judgment is for the payment of a penalty or a fine, then such magistrate may either order the defendant to be committed to the county jail or workhouse for a period not exceeding one day for each dollar of the penalty or fine and costs not paid, unless the period of imprisonment shall otherwise be expressly provided by law, or issue an execution to any officer or person as aforesaid, commanding him to levy and make such penalty or fine and costs of the goods and chattels of the defendant and, for want of goods and chattels, to take and convey such defendant to the county jail or workhouse, there to remain for a period not exceeding one day for each dollar of the penalty or fine and costs not paid, unless the period of imprisonment shall be otherwise expressly provided by law." (Emphasis supplied.)
3. That section (i) of N.J.S. 2A:8-22 is a limitation on sections (a) through (h). N.J.S. 2A:8-22 reads as follows:
"Each municipal court, and the magistrate or magistrates thereof, shall also have jurisdiction of the following crimes or offenses occurring within the territorial jurisdiction of the court, where the person charged shall in writing waive indictment and trial by jury:
a. All cases of assault, simple assault and battery, malicious mischief, and larceny and embezzlement, where the price or value of the article, property or thing alleged to have been taken or stolen is under $200;
b. Obtaining money or property under false pretenses where the amount or value of the article, property or thing alleged to have been obtained is under $200;
*240 c. Receiving stolen property where the value of the article, property or thing alleged to have been received is under $200;
d. Unlawful conversion, where the property or thing alleged to have been converted is under the value of $200;
e. Fornication and adultery;
f. Selling cigarettes to minors and allowing minors to congregate and play in pool rooms;
g. Defrauding hotel keepers and landlords;
h. Overdrawing credit on checking account;
i. Other criminal offenses where the penalty that may be imposed therefor does not exceed a fine of $1,000 or imprisonment for a term not exceeding 1 year; provided, that where the magistrate is not an attorney at law the municipal court shall not have such jurisdiction to try and determine an indictable offense even though the person charged offers to waive in writing indictment and trial by jury. In such case the municipal magistrate may commit, or if the offense charged is bailable in law, admit the person charged to bail with sufficient surety to appear before such court as shall have jurisdiction in such case to hear and determine the crime or offense charged."
This last point was answered effectively by Justice Case in the De Feo case, supra. In that case the section which conferred jurisdiction to try and determine provided as follows:
"Except in counties where criminal judicial district courts are or may be established, when any person charged with any of the offenses herein enumerated shall, in writing, waive indictment and trial by jury, the recorder, * * * in * * * towns * * * having a population of over one thousand inhabitants, shall, in addition to his other powers, try and determine all cases of assault, simple assault and battery, malicious mischief; * * * and also other criminal offenses, the penalty for which does not exceed a fine of one hundred dollars, or imprisonment for a term not exceeding six months; where any of the specified crimes are committed within the corporate limits of the municipality in which the criminal court is established." (Emphasis supplied.)
In construing this section, Justice Case stated:
"The argument upon which prosecutor seeks to avoid the application of that grant of jurisdiction is that the final clause of section 4 places such a limitation that an offense named anywhere in the section does not come within the granted jurisdiction if the penalty fixed thereon exceeds a fine of $100 or imprisonment for a term not exceeding six months; a contention which, if sound, would *241 eliminate the crime of assault and battery for the reason that that offense comes within the class of misdemeanors which (R.S. 2:103-6) are punishable by a fine not exceeding $1,000 or by imprisonment, with or without hard labor, as the court may direct, for a term not exceeding three years, or both. But the punctuation and the context make clear that the limitation upon which prosecutor relies bears only upon the added classification of undesignated criminal offenses that come within the specific clause wherein the limitation is stated, and that section 5 saves to the offense of simple assault and battery, when tried in the Recorder's Court in accordance with the terms of the statute, its appropriate penalty. The words `simple assault and battery' relate to the misdemeanor commonly known as `assault and battery.' Further emphasis upon the legislative purpose to grant the jurisdiction is contained in the next succeeding section, R.S. 2:216-7, which provides that if on the trial it shall appear from the evidence that the defendant was guilty of atrocious assault and battery the magistrate trying the case shall not proceed therewith but shall discontinue the case on his docket and forthwith send the complaint to the prosecutor of the pleas to be dealt with in the usual manner. Criminal judicial district courts have not been established in the County of Essex.
We conclude that the judgment is not impaired by the alleged faults charged against it by the prosecutor and that the same should be affirmed, with costs." De Feo v. Recorder's Court of Town of Belleville, supra, 129 N.J.L., at page 551.
Although it is true that the reasons given by Justice Case were strongly fortified by section 5 (R.S. 2:216-5), which gave the recorder the power to impose the penalty provided by law, nevertheless, that fact was not dispositive of the issue.
N.J.S. 2A:8-22 confers upon the municipal court jurisdiction where a defendant waives indictment and trial by jury of certain crimes ranging from receiving and larceny where the value of the property does not exceed $200, which are high misdemeanors, carrying a penalty of "a fine of not more than $2,000, or by imprisonment for not more than 7 years, or both" (N.J.S. 2A:85-6), to fornication, for which the statutory penalty is a $50 fine or six months or both. The history of R.S. 2:219-33, R.S. 2A:8-6 (L. 1948, c. 394, p. 1588), through N.J.S.A. 2A:8-22, clearly evinces a legislative intent to broaden the jurisdiction of the municipal courts and not to set up a class of offenses.
There is no sentencing provision, per se, that accompanies N.J.S. 2A:8-22 as R.S. 2:219-37 accompanied R.S. *242 2:219-33, and it is the opinion of this court that such a provision was unnecessary in view of the difference in the language used in N.J.S. 2A:8-22 from that used in R.S. 2:219-33.
In R.S. 2:219-33 the Legislature conferred "jurisdiction to try and determine," whereas N.J.S. 2A:8-22 provides that "the magistrate * * * shall also have jurisdiction of the following crimes * * *." Conferring jurisdiction carte blanche encompasses the powers to try, determine and impose sentence. Whereas, conferring jurisdiction merely to "try and determine" does not include jurisdiction to impose any greater penalty or to commit to any other institution than those powers of imposing penalties and of commitment as are expressly given to the magistrate.
Having been granted jurisdiction, the magistrate may, on proper waiver, hear and decide the case and sentence the defendant. This defendant was charged with larceny under N.J.S. 2A:119-2 and not with a violation of N.J.S. 2A:8-22(i). The penalty for larceny is set forth in N.J.S. 2A:85-6 and N.J.S. 2A:85-7. The place of imprisonment is determined by N.J.S. 2A:164-15 and N.J.S. 2A:164-17. The defendant consented to this jurisdiction by his own waiver. Such jurisdiction includes the right to sentence in accordance with the law. Sentencing then becomes procedural and must be executed in accordance with the procedure outlined in R.R. 8:7-8.
It is beyond good reason to suppose that the Legislature intended that a defendant, by the mere device of waiving indictment and trial by jury, was to be allowed to escape a severe penalty in a proper case. In a case such as the present one, where a defendant has a long history of similar crimes, is it plausible to argue that he may simply execute a waiver for the purpose of obtaining a light penalty? The State's position would become somewhat anomolous under such circumstances in that there is no provision for the prosecutor to oppose waiver by a defendant. Furthermore, in each instance, the magistrate would have to take into account the defendant's previous convictions in exercising *243 his discretion as to acceptance of defendant's waiver, and such convictions are in many instances not known until presentence investigation is completed.
This court concludes that the power of a magistrate to commit generally given by N.J.S. 2A:8-30 is the power which he ordinarily exercises. His power is enlarged where a defendant waives indictment and trial by jury under N.J.S. 2A:8-22, thus giving him jurisdiction over the offenses set forth in that section, including larceny involving an amount above $50 (N.J.S. 2A:119-2). Thereafter the magistrate may impose such penalties for larceny as are provided by law. The punishment for that offense is stated in N.J.S. 2A:85-6, and the place of imprisonment is set forth in N.J.S. 2A:164-15, 17.
For the foregoing reasons, the writ is discharged.