44 N.J. Super. 480 (1957)
130 A.2d 856
STATE OF NEW JERSEY, RESPONDENT,
v.
ROBERT C. SOMERS, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 8, 1957.
Decided April 11, 1957.
*482 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Robert C. Somers, pro se.
Mr. Eugene T. Urbaniak, Deputy Attorney-General, for the State (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
PER CURIAM.
Defendant appeals from an order of the Superior Court, Law Division, discharging a writ of habeas corpus by which he sought his immediate release from the New Jersey State Prison. He erroneously captions his present application as one "to proceed by way of complaint in lieu of prerogative writ," but we disregard that as of no moment and deal with the matter as an appeal, which it is.
Defendant challenges the authority of a municipal magistrate to sentence him to the State Prison for a term of 2 to 2 1/2 years for the crime of petty larceny (N.J.S. 2A:119-2), after defendant had signed a waiver of indictment and trial by jury pursuant to N.J.S. 2A:8-22, and thereafter pleaded guilty to the charge. Except for two matters about to be mentioned, he makes the same arguments here as he did in the Law Division. We affirm for the reasons stated by Judge Waugh in his opinion reported in 43 N.J. Super. 234 (1957).
At the time of the plea and sentence on the larceny charge just mentioned, defendant signed a written waiver of indictment and trial by jury and pleaded guilty to a second like charge, for which the municipal magistrate imposed a sentence of six months in State Prison, to run concurrently with the sentence imposed on the first larceny charge. Defendant suggests that this second sentence was improper, apparently on the ground that our statutes make *483 no provision for confinement of an individual in State Prison on a flat sentence of six months. Implicated in such an argument would be the provisions of N.J.S. 2A:164-15, relating to place of imprisonment, and N.J.S. 2A:164-17, requiring that all sentences to the State Prison be for a maximum and minimum term, except sentences for life. It is not clear just what relief defendant seeks. He has already served the six-month term, and it cannot be that he is proposing a correction of sentence with the possible consequence that a more severe or a consecutive term may be imposed  nor does the State ask for such correction. In any event, the entire question is moot because the concurrent term has been fully served.
Appellant introduces a matter not presented to the court below, namely, that Judge Waugh's decision must lead to the conclusion that increased punishment can be given by a municipal magistrate to multiple offenders, as contemplated by N.J.S. 2A:85-8, 9 and 12, under the procedure provided by N.J.S. 2A:85-13. The question has no pertinence here. Defendant has not been charged or sentenced as a multiple offender, but is presently legally confined under a judgment of a court having jurisdiction to impose the 2 to 2 1/2 year sentence now being served.
Affirmed.