## JAMES CUMMERFORD v. CHARLES PAULUS.

*Landlord and tenant—Agreement by landlord to pay costs of appeal from judgment evicting tenant—Evidence—Discontinuance of writ of error—Res judicata.*

1. A tenant appealed from a circuit court commissioner's judgment evicting him from the leased premises, which was affirmed, and, after a recovery by the appellee upon the appeal bond, the tenant sued the landlord for damages, declaring on a special promise to pay the costs and expenses and damages to which the tenant might be subjected, which promise induced him to take the appeal. On the trial the commissioner testified that at time of making the alleged promise he advised the landlord that he would be liable to the tenant if finally evicted, but the court refused to allow him to be cross-examined as to the *nature* of the supposed liability which induced him to express such an opinion.

   *Held*, that a full examination into the circumstances should have been allowed on such cross-examination.

2. In such a case the result of the *original* judgment was *restitution* and *costs*, and the bond on appeal was only for payment of *rent* and *costs*; and, unless the landlord requested the tenant to defend the suit on the bond, the charge for counsel fees and costs in *that* suit was not a proper element of damages to be considered by the jury in said suit against the landlord.

3. Discontinuing a writ of error does not vacate the judgment, and, in the absence of some agreement vacating it, it remains a lawful adjudication, the payment or settlement of which does not impair its judicial force.

Error to Wayne.   (Jennison, J.)   Argued June 16, 1887. Decided July 7, 1887.

Assumpsit.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*George S. Hosmer*, for appellant.

*Edgar Weeks*, for plaintiff.

CAMPBELL, C. J.   Cummerford sued Paulus for his damages and expenses caused by his appealing certain proceedings brought against him by Theresa Schultz, otherwise known as Mrs. Curtis, for evicting her from a house in Detroit. Paulus owned the house, which had been rented to Mrs. Schultz as a hotel.   Cummerford claims that in September, 1879, when Mrs. Schultz was in prison for murder, and it was supposed she would be convicted, Paulus received him as a tenant to hold until the ensuing May.   Mrs. Schultz was acquitted, and in November, 1879, proceeded against Cummerford summarily, and got judgment of eviction.   This was appealed, and affirmed, and judgment rendered for her in the Wayne circuit court in February, 1880, for possession and costs.   In 1883 suit was brought on the appeal-bond, and judgment rendered for $685.70 damages, $106.15 costs.

The declaration in the present case sets up these causes and facts, namely:

1.   Plaintiff's lease from defendant, and right to occupancy till May, 1880, and his payment of rent to that time.

2.   Mrs. Schultz's suit before Mr. Randall, circuit court commissioner, and his decision in her favor.

3.   That Paulus "did, by promises and undertakings on his part to pay the said plaintiff all the costs, expenses, and damages suffered and paid by the plaintiff, induce the said plaintiff to appeal said cause to the circuit court for the county of Wayne; that said appeal was had and taken, and the bond required in such case duly executed and given by the said plaintiff, in the sole reliance upon the promise and undertaking of the said defendant, then and there made to

him by the said defendant, that he would reimburse, pay, and satisfy the plaintiff for all such costs, expenses, and damages suffered by him in such litigation."

It then sets forth the legal proceedings, and plaintiff's payment of the judgment and expenses.

Defendant pleaded the general issue, with notice of a former adjudication, and also of the statute of limitations. Plaintiff got judgment for $1,071.85, which included all costs and damages paid, and $250 expenses.

Upon the trial the plaintiff called the circuit court commissioner, who proved the proceedings before him in a complaint under the forcible entry and detainer statute for forcible detainer, on which Cummerford was arrested. Under this he found Cummerford guilty, and awarded restitution. An appeal-bond was given by Cummerford and certain sureties. Mr. Randall testified that Paulus preferred not to sign the bond, and it was signed by others. Randall told Paulus that he was responsible to Cummerford if evicted, and Paulus gave witness to understand he would stand by Cummerford. Randall's testimony was not positive to such a statement. Cummerford's statement is that Paulus said he would see him through if he would get bonds, and to appeal it, "and whatever expense I would go to he would see me through." McKale testified Paulus said if Cummerford would get bonds he would see him through any expenses, to the last cent. Mrs. Schultz appears to have had restitution on March 3, 1880, a few days after the judgment in the appeal.

Upon the issue of Paulus procuring or inducing the appeal, there was testimony to go to the jury, although contradicted. How far this made him liable was a contested issue, and the previous adjudication to be hereafter referred to, and its effect, were also considered.

It appears from the testimony of Randall and other witnesses that it was at least open to the jury to believe that Randall, at the time the alleged promise was given, advised

Paulus that he would be liable to Cummerford if judgment went against him. It also appears from the nature of the complaint of Mrs. Schultz that she was kept out by actual violence. The bond on appeal is given by statute for no other purpose than rent and costs, and the judgment given in the suit on the bond seems to be very much larger than any claim for four months' rent could justify. All of these facts have some bearing on the consideration of the promise, and are circumstances not entirely irrelevant upon whether it was made or not.

The court would not allow Randall to be cross-examined as to the nature of the supposed liability of Paulus which led him to express his opinion. It was a question under what circumstances Paulus made this supposed promise, and whether he was the moving party in inducing the appeal, and for what purpose, or whether he did it because he was acting under a supposed necessity. It seems to us that a very full examination into the circumstances should have been allowed on cross-examination; especially in view of Mr. Randall's vague recollection, which gave his own understanding, but did not state any positive promise.

But a more important question arises as to the extent of the promise. No witness makes it extend beyond the consequences of appealing. The result of that judgment was primarily only restitution and costs. The bond was only for payment of rent and costs of appeal. There is no testimony that Paulus was ever notified or requested to settle this rent, or notified that the bond was sued, or given any chance to settle it, or to defend it, or that he desired plaintiff to defend it. A very large share of the expenses recovered arose out of the bond litigation. Paulus was not shown to have undertaken to pay these expenses, and unless he did so, or unless he made that expense necessary by his conduct or urgency, he cannot be responsible for it. Had he been notified, he might have paid the claim, or successfully defended or reduced it,

or prevented it from covering more than the rental value of the property during eviction, which it seems to have done.

Upon this question defendant's counsel asked a charge that the item for counsel fee and costs could not be recovered, because there was no evidence that Paulus requested Cummerford to defend the action on the bond. The court refused this, and directed a judgment for the entire claim, in case the jury believed the promise to have been made as sworn to by Cummerford. This charge ought to have been given.

A further and more important question arises upon the effect of a former judgment.

After Mrs. Schultz had been restored to possession under the appeal judgment in March, 1880, Cummerford sued Paulus, setting up this cause of action, namely:

1. That in September, 1879, Paulus leased the premises to Cummerford till May, 1880, covenanting for quiet enjoyment, and that Cummerford had paid, and was ready to pay, the monthly rent, which was $35.

2. That during the term Mrs. Schultz obtained the judgment of restitution from Randall.

3. That, relying on the solicitations and promises of Paulus, plaintiff was induced to appeal.

4. That he was defeated on the appeal, and claims damages for the eviction, and for his expenses, counsel fees, and other charges in defending.

On this issue was joined, and the jury found a verdict for Paulus, in whose favor judgment was rendered in November, 1880. A bill of exceptions was prepared, and writ of error issued and returned into the Supreme Court, and errors assigned. On April 3, 1882, a stipulation was filed, signed by counsel for both parties, as follows:

"The above cause and difference having been fully settled and adjusted, it is hereby stipulated and agreed by the above parties, by their respective attorneys, that the same be discontinued and dismissed."

This, as before stated, had been pleaded in the notice of defense. The court below held it was not *res judicata*.

There can be no question but that there was a complete judgment against Cummerford that he had no cause of action against Paulus for what he set up in his declaration, and there was no claim that Paulus had settled it. The effect of the discontinuance of the writ of error did not vacate the judgment in the superior court; and, unless there was some agreement vacating it, it remained a lawful adjudication. A payment or settlement of it, not vacating it, would leave its judicial force continuing.

In that case the agreement which was alleged to have induced Cummerford to appeal, and Cummerford's expenses of appeal as well as his eviction under it, were directly in issue, and directly adjudicated. That judgment could not have been rendered if Paulus was bound to Cummerford by any such agreement. It was therefore held that no legal agreement to that effect existed. Whether held illegal for any reason, or whether not made at all, could make no difference, so long as that judgment stands. It found no liability existed to that effect.

That agreement is the only foundation for this action. The only difference is that the largest part of the claim here is for outlays alleged to be made under that agreement, but subsequently to that suit. The appeal bond covered the costs of appeal and restitution, and to that extent these two suits are identical. But the suits are both on precisely the same contract, and, at most, this action is really for a further breach. This being so, it is difficult to see how the case can be distinguished from *Jacobson v. Miller*, 41 Mich. 90. Where it has been adjudicated that there is no contract which bound Paulus to indemnify Cummerford from the consequences of an appeal, and he was held not liable for costs and outlays, a part if not all of which are embraced in this very controversy, we do not see what there is left to litigate.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.