HARRY J. VINCENT

*v.*

AMELIA VINCENT et al.

[Decided January 16th, 1906.]

1. Since the orphans court has exclusive jurisdiction of the probate of a will, and has the power generally to revise proceedings for probate tainted with mistake, fraud or illegality, a court of equity will not entertain jurisdiction to set aside a will or the probate thereof.

2. The orphans court is a superior court of general jurisdiction, and has the same authority over its decrees by inquiring into the authority of its attorneys to appear as may be exercised by any court of general jurisdiction.

On demurrer to bill.

*Messrs. Howe & Davis,* for the demurrants.

*Mr. Jerome D. Gedney,* for the complainant.

EMERY, V. C.

The bill demurred to discloses this case: Thomas Vincent died on February 18th, 1904, seized and possessed of considerable real and personal estate, leaving a widow, and, as heirs-at-law and next of kin, four sons, three daughters and two infant children of a deceased son. After his death a paper writing, purporting to be his will, was offered for probate to the surrogate of Essex county. No caveat appears to have been filed, but on account of the appearance of the paper itself (its informality, interlineations, changes and erasures, and its lack of an attestation clause), the surrogate declined to admit the writing to probate, and on March 2d, 1904, issued citations to the widow and all of the next of kin to appear before the orphans court on March 12th, 1904, in the matter of the probate. The statute, Orphans Court act (*Rev. 1898, P. L. p. 718 § 13*), directs that

"in case doubts arise on the face of the will, * * * the surrogate shall not act in the premises, but shall issue citations to all persons concerned to appear in the orphans court of the same county, which court shall hear and determine the matters in controversy."

Complainant signed a paper authorizing by name a proctor of the court to acknowledge service of the citation on his behalf, and due service was acknowledged by the proctor on March 4th, 1904, by endorsement in writing upon the citation. The authority to acknowledge service was filed in the surrogate's office. The paper offered as decedent's will was admitted to probate by the orphans court on March 15th, 1904, three days subsequent to the return day of the citation, and letters testamentary were issued to the widow and two of the brothers of complainant, the executors named in the will. They have taken possession of the estate, filed an inventory (alleged in the bill to be below the value of the property), and are proceeding under the will to sell and dispose of the personal estate and the real estate not specially bequeathed. The bill alleges that this paper authorizing the proctor to acknowledge service of the citation was signed at the request of one Teed, and under false representations by him that it was a paper of a different character and for an entirely different purpose, viz., an application to have the widow appointed guardian of one of the daughters, who was *non compos mentis,* and that if not signed by complainant the court would appoint a stranger as guardian; that complainant, being willing to do this, and being unacquainted with business or legal matters, signed the paper, supposing it was for this purpose, relying on Teed's representations, and without consultation or advice. Complainant himself never employed or retained the proctor. He alleges that by reason of these false representations the proctor's acknowledgment of service was unauthorized; that he was never served with the citation, did not appear at the return thereof, and knew nothing of the proceedings for probate, and has been deprived of his day in court in reference to the probate. He prays that the probate may therefore be set aside as to him.

The bill further alleges that Teed had been a bookkeeper employed by the deceased, and that at the time of procuring

complainant's signature he was in the employment of the sons of decedent, who had been connected with their father in the business, and were still continuing it, but beyond this does not disclose any connection between Teed and the executors, who are the widow and two sons, Charles and Edward, nor charge that they are in any way parties to Teed's misrepresentation, nor does it charge that the proctor had any knowledge or information of the misrepresentation. Neither does it allege that the paper was not the will of deceased, nor that on the proofs submitted the will should not have been submitted to probate. The whole case stated by the bill, and the relief asked, extends only to controlling the effect of the probate itself.

The probate of a will, so far as the personal estate is concerned, is a proceeding *in rem,* in the strict sense of that term, and within the exclusive jurisdiction of the orphans court. *Quidort's Administrator* v. *Pergeaux, 18 N. J. Eq. (3 C. E. Gr.) 472, 477 (Chancellor Zabriskie, 1867).* For this reason, and the further reason that courts invested with jurisdiction for probate have generally power to check and revise proceedings for probate tainted with mistake, fraud or illegality, a court of equity will not entertain jurisdiction to set aside a will or the probate thereof. *Broderick's Will, 21 Wall. 503 (Justice Bradley, 1874)* (at *pp.* 509, 512). This court can neither review the proceedings of the orphans court, nor revoke the probate, nor decree intestacy. For fraud in the proceedings for probate which the probate court has no power to reach, it was held, in a case before Lord Hardwicke, that this court may afford a remedy under its general jurisdiction for fraud, but this remedy is only by a decree which will compel the parties who have fraudulently procured the probate to consent that proper proceedings may be taken in the probate court upon another application for probate, and this remedy was given only because the fraud in the probate proceedings was of such a character that the ecclesiastical court could not give relief. *Barnesley* v. *Powel, 1 Ves. Sr. 284 (1749).* This decision was based on a supposed lack of power in the ecclesiastical court in England to set aside a deed consenting to the probate, and was, as Mr. Justice Bradley says, altogether exceptional. It is not authority for an exer-

cise of the jurisdiction where the fraud alleged relates to the action of an officer of the court in the course of the proceedings. Where the fraud in the probate proceedings is such that a probate court itself has power to give relief, this court should not undertake to control the decree for probate by directing consent to another probate. It is settled under our decisions that the orphans court is a superior court of general jurisdiction in probate and other special cases, not an inferior court of limited or special jurisdiction. *Hess* v. *Cole, 23 N. J. Law (3 Zab.)* 116 *(Supreme Court, 1851)*; *Plume* v. *Howard Savings Institution, 46 N. J. Law (17 Vr.) 211, 228 (Supreme Court, 1884)*; *Clark* v. *Costello, 59 N. J. Law (30 Vr.) 234, 237 (Court of Errors and Appeals, 1896)*. Where a decree is entered in this court against a defendant on an unauthorized appearance of a solicitor, the decree will be set aside as against the defendant on motion—*Mutual Life Insurance Co.* v. *Pinner, 43 N. J. Eq. (16 Stew.) 52 (Vice-Chancellor Van Fleet, 1887)*—and the same control over its judgments or decrees by inquiring into the authority of its attorneys to appear may be exercised by every court of general jurisdiction. In the case *In re Myers' Estate, 67 N. J. Eq. 560 (Magie, Ordinary, 1904)*, the probate of a will was set aside by the orphans court, on an application by petition made nearly six years after the probate, one of the grounds being fraud in procuring the abandonment of contest of probate by caveators. The ordinary, on appeal, considered and determined the question of alleged fraud in the proceedings, reaching a conclusion in favor of the probate, and also denying the application because of laches. But the right of the orphans court and of the ordinary, on appeal, to pass upon the question of vacating the probate because of fraud in the proceedings, was acted on without question, and this was in line with the view expressed by Justice Green, in *Ryno's Executor* v. *Ryno's Administrator, 27 N. J. Eq. (12 C. E. Gr.) 522, 525 (Court of Errors and Appeals, 1875)*, that if the probate of a will is irregular or avoidable for any cause, the remedy is by appeal to the ordinary or by proceedings for the revocation of the letters. In *Clements' Appeal, 25 N. J. Eq. (10 C. E. Gr.) 508 (Runyon, Ordinary, 1874)*, an order of the orphans court re-

voking letters of guardianship obtained through false representations was sustained on appeal, and the power of the court to guard against frauds perpetrated on the court itself was held to be sustained by the authorities.

The decree for probate as a proceeding *in rem* binds all the world and must either stand or be revoked *in toto,* and any decree in this suit (brought only to revoke the probate) that the authorization of the proctor was procured by fraud on defendant, would be of no practical effect, except as incidental to a proceeding to revoke the probate and for a re-probate of the will before the orphans court or the ordinary. If complainant has any relief in equity against the alleged fraud, it can only be for the reason that the orphans court has no power to revoke the probate, and it is essential that complainant should show this lack of power, either by an application to that court in this case and its denial of its power or by decisions in other cases establishing this lack of power.

No application appears to have been made to the orphans court to revoke the probate and for a re-probate, nor does it appear that any such application is proposed. Nor has any decision been referred to showing the lack of power in the orphans court. Until this does appear, this court should not exercise a jurisdiction over the decree, which can only be ancillary in its character, and which is, or at least may be, altogether unnecessary.

I should say, further, that if the jurisdiction of the court is to be exercised to relieve against alleged frauds of this character in the probate proceedings, this bill fails to disclose a case which entitles complainant to a personal decree against any of the defendants, based on any inequitable or unconscientious conduct. It fails to allege any facts showing on the part of any of the defendants any connection with or responsibility for the misrepresentations of Teed, or any knowledge thereof by them or their solicitor at the time of the probate, and is therefore defective. *Kinney* v. *Emery, 38 N. J. Eq. (11 Stew.) 101 (Chancellor Runyon, 1884).* But the question of exercising the jurisdiction has been raised, and without passing on this aspect of the case I will advise a decree sustaining the demurrer and dismissing the bill without prejudice.