34 N.J. Super. 190 (1955)
111 A.2d 918
WARREN GRAY, JR., PLAINTIFF-APPELLANT,
v.
NATHAN CHOLODENKO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1955.
Decided February 21, 1955.
*192 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Robert S. Hartgrove argued the cause for plaintiff-appellant.
Mr. Fredrick J. Waltzinger argued the cause for defendants-respondents.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff appeals from an order of the Superior Court, Chancery Division, granting defendants' motion to dismiss the action. The motion, which was heard on affidavits, challenged the court's jurisdiction.
By his complaint plaintiff sought redress of various sorts, including (in effect) relief from a decree of 1947, and a judgment of 1949, of the Essex County Surrogate's Court: the first probating his grandmother's will; and the second *193 probating his mother's will. Plaintiff has no case unless relief is given from at least one of these probates.
Of course, the Superior Court has no authority to grant relief from a probate judgment merely because the will is for any reason invalid. Pusillo v. Czajkowski, 25 N.J. Super. 215 (Ch. Div. 1953). But here the substantial issue is, may it grant relief because of fraud on the probate court?
Beyond question, there resides presently in the Superior Court, and theretofore in the Court of Chancery, a general jurisdiction to provide relief, through an independent action (R.R. 4:62-2), as to judgments of all courts, procured by fraud. Dringer v. Erie Railway, 42 N.J. Eq. 573, 577 (Ch. 1887), affirmed Dringer v. Jewett, 43 N.J. Eq. 701 (E. & A. 1887); Restatement of Judgments §§ 112-130; Moore, 55 Yale L.J. 623, 653 (1946).
However the Court of Chancery  by way of exception to this rule  refused such relief as to a decree granting probate of a will (McCormack v. Burns, 89 N.J. Eq. 274, 277 (Ch. 1918); Warren, 33 Harv. L. Rev. 556, 568 (1920), cf. 41 Harv. L. Rev. 309 (1928); Vincent v. Vincent, 70 N.J. Eq. 272 (Ch. 1905); Farquhar v. New England Trust Co., 261 Mass. 209, 158 N.E. 836 (Sup. Jud. Ct. 1927); In re Broderick's Will, 21 Wall. 503, 88 U.S. 503, 22 L.Ed. 599 (1875)), unless the relief could not be given in the probate court (Vincent v. Vincent, supra, 70 N.J. Eq., at page 276; Mellor v. Kaighn, 89 N.J.L. 543, 549 (E. & A. 1916)). The anomalous position in which a probate decree was put may be laid historically to an indisposition of the English Court of Chancery to interfere with the Ecclesiastical Courts' "exclusive jurisdiction" (Ryno's Executor v. Ryno's Administrator, 27 N.J. Eq. 522, 524 (E. & A. 1875)) over the probate of wills of personalty.
There certainly is no good reason under our present Constitution for maintaining any such diffidence and restraint with respect to probate decrees. Cf. Restatement of Judgments § 114 b; Seeds v. Seeds, 116 Ohio St. 144, 156 N.E. 193, 52 A.L.R. 761 (Sup. Ct. 1927); 2 Page, Wills (3d *194 ed.), 95. We hold, then, that the Superior Court has the jurisdiction to grant, in an independent action, equitable relief against probate judgments.
But this does not end the question. For this jurisdiction will not be exercised by the Superior Court where the attack is against a judgment of a court of this State and an adequate remedy can be had in that court. For obvious reasons in such a case the law requires the party charging the fraud, to pursue his remedy usually by motion in the court and in the cause wherein the judgment was obtained. Kearns v. Kearns, 70 N.J. Eq. 483, 488 (Ch. 1905); Shammas v. Shammas, 9 N.J. 321, 328 (1952); Restatement of Judgments § 128. With respect to a surrogate's decree and judgment, the appropriate remedy lies in a proceeding before the County Court of the county. N.J.S.A. 3A:2-3; R.R. 5:3-4(b).
The case, then, should have been transferred to the Essex County Court, Probate Division. Not that R.R. 1:27D applies; it cannot be said that the Superior Court lacks "jurisdiction of the subject matter." But a very similar principle obtains; a court, generally speaking, ought not to dismiss a cause because it should have been brought before another court in this State. The power to transfer a cause under such circumstances is inherent in the court. Cf. Manda v. State, 28 N.J. Super. 259, 262 (App. Div. 1953).
Where a case should have been transferred, we on appeal deal with the meritorious questions as though it had been instituted in the proper court. Cf. R.R. 1:27D(b). In effect, here a summary judgment was entered for the defendants on the ground that there was no fraud on the surrogate's court. One of the plaintiff's charges was that his grandmother never executed the instrument probated as her will. If in fact she did not do so, it would be hard to conceive how probate of the will could have been granted in common form without a perjurious deposition purposely false and willfully given on the part of an attesting witness. A deposition of that nature, if the proofs are clear, convincing *195 and satisfactory, will be held a fraud on the court. Shammas v. Shammas, 9 N.J. 321, 328, 330, supra; 3 Duke Bar J. 41, 48 (1953); 4 Vanderbilt L. Rev. 338 (1951); cf. Restatement, Judgments, § 126c, as amended 1948 supplement.
The affidavits made herein by the executor and the witnesses to the will refer to but one visit by them to the testatrix on November 22, 1947; they state she then affixed her mark to the will. But an affidavit on plaintiff's behalf asserts that when the executor, one of the witnesses and another person visited testatrix that day, no will was executed. We need go no further. If there was only one such visit that day, the affidavits cannot be reconciled. A motion for summary judgment is not a means of settling a dispute over the facts. Cf. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
Below and here, stress has been laid upon the lapse of time between the probate decree and the present action, namely, 6 1/2 years. R.R. 5:3-4(b), drawn with R.R. 4:62-2 in view, places no limit on the time within which relief may be had for a fraud on the court. Nevertheless the applicant for such relief must show either a certain measure of diligence or some justification for his failure to employ that diligence; we need not, under the circumstances here, lay down a more precise rule in connection with this application for relief from a probate in common form. See, in general, Shammas v. Shammas, 9 N.J. 321, 330 (1952), supra; cf. Cameron v. Penn Mutual Life Ins. Co., 116 N.J. Eq. 311, 314 (Ch. 1934); Restatement, Judgments § 129b, particularly comment e.
There is nothing in the affidavits to show when the plaintiff first discovered or might reasonably have discovered the alleged fraud on the court. Summary judgment should not have been granted.
Judgment is reversed, and the cause sent, by way of remand (Manda v. State, 28 N.J. Super. 259, 265 (App. Div. 1953), supra; cf. R.R. 1:27D(b)), to the Essex County Court, *196 Probate Division, to pass upon the question whether relief should be granted because of fraud on the court with respect to the probate of either will mentioned. If such fraud is made out, the court can deal with the remaining relief sought. N.J. Constitution, Art. VI, Sec. IV, par. 5. The Clerk of the Superior Court will transmit the record and papers on file (cf. R.R. 1:27D) to the Essex County Surrogate, as the Clerk of the Essex County Court, Probate Division; and they will be deemed moulded so as to constitute an application for the relief stated. Costs to abide the outcome of the proceedings below.