37 N.J. Super. 418 (1955)
117 A.2d 518
ALBERT BARTHOLDI, PLAINTIFF-APPELLANT,
v.
JULIENNE L. DUMBEKY, NEE JULIENNE L. MEHL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MARIE PERKINS BARTHOLDI, ALSO KNOWN AS MARIE BARTHOLDI, AND LEO ROBERT MEHL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1955.
Decided October 21, 1955.
*420 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. E. Gustave Greenwald argued the cause for the plaintiff-appellant.
Mr. Murray A. Laiks argued the cause for the defendants-respondents (Messrs. Heller & Laiks, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
On March 7, 1952 Leo Robert Mehl, by Julienne L. Mehl, now Julienne L. Dumbeky, his daughter and attorney, the defendant herein, filed a complaint alleging that Marie Bartholdi died intestate on October 20, 1951, seized of certain real estate and personal property, leaving her surviving her husband, Albert Bartholdi, and her illegitimate son, Leo Robert Mehl. The complaint further alleged that upon the death of Marie Bartholdi her son became the owner of her real estate and two-thirds of her personal property, for which judgment was sought, and, in addition, the *421 appointment of a receiver, and an accounting by the surviving husband of the rents, issues and profits of the real estate.
Pending trial the defendant Albert Bartholdi, the plaintiff herein, on April 12, 1952 entered into a written agreement of settlement with Julienne L. Mehl, as attorney for Leo Robert Mehl, wherein it was recited that a dispute had arisen over the ownership of the real and personal property of the decedent and it was agreed that the real estate described in the complaint was
"owned by Leo Robert Mehl, the illegitimate son of Marie Bartholdi, deceased, and is now vested in fee simple, subject only to the curtesy right of Albert Bartholdi."
It was also agreed that certain bank accounts representing moneys of the decedent were to be divided between Albert Bartholdi and Julienne L. Mehl, and that any papers or checks necessary to carry out the agreement would be executed by Albert Bartholdi. Thereafter, on December 19, 1952 the court on its own motion dismissed the complaint for lack of prosecution.
On February 9, 1953 the same parties entered into another written agreement slightly modifying the provisions of the original agreement as to the disposition of the personal property. Simultaneously with the execution of the second agreement, Albert Bartholdi, the plaintiff herein, executed and delivered to Julienne L. Mehl individually a general release and to Julienne L. Mehl as administratrix of the estate of Marie Bartholdi, deceased, a release and refunding bond in the amount of $5,287.
More than a year later, on April 20, 1954, Albert Bartholdi instituted the present action naming Julienne L. Dumbeky, individually and as administratrix of the estate of Marie Bartholdi, and Leo Robert Mehl as defendants, seeking to reform the deed to Marie Bartholdi to show as grantees "Marie Bartholdi and Albert Bartholdi, her husband" as tenants by the entirety, and to impress a trust thereon in his favor. The complaint further sought to have *422 declared null and void the purported settlement agreements of April 12, 1952 and February 9, 1953, a determination of the rights of the parties as to the personal property, an accounting, a restraint against distribution of the decedent's property and the appointment of a receiver. In their answer, the defendants set up as an affirmative defense that the two agreements of settlement and the two releases barred the plaintiff from further litigation of the issues raised in the prior proceedings.
The plaintiff moved for summary judgment which was denied. Albert Bartholdi having died on October 11, 1954, when the case came on for trial on November 8, 1954 an order was entered substituting as plaintiff Bellida Funston, administratrix c.t.a. of his estate. After final hearing judgment was entered for the defendants on the ground that Leo Robert Mehl had been proved to be the illegitimate son of Marie Bartholdi.
The plaintiff appeals, arguing that the defendants did not prove Leo Robert Mehl the illegitimate son of Marie Bartholdi, deceased, or, in the alternative, that "illegitimate children do not inherit from their mother when she dies intestate leaving a husband, but no lawful issue of her marriage."
The respondents argue that the settlement agreements and releases preclude the plaintiff's recovery. We agree. As the Supreme Court said in Kelleher v. Lozzi, 7 N.J. 17, 26 (1951):
"It has been held that a dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject matter in dispute is made, is a dismissal on the merits and would be a bar to further litigation on the same subject between the parties; * * *." 6 Corbin on Contracts, § 1278, p. 96. 11 Am. Jur., Compromise and Settlement, § 10, p. 257.
The real subject of this suit is the title to the real estate of which Marie Bartholdi died seized. The plaintiff cannot now disavow the settlement agreements; they are binding *423 upon him and dispositive of the issues argued before the trial court as well as those here sought to be raised on appeal. Meola v. Gorga, 27 N.J. Super. 390, 394 (App. Div. 1953). There is no showing of any imposition upon the plaintiff, nor that he was not fully cognizant of his rights when he executed the agreements and releases. Determination of the issue of whether or not Leo Robert Mehl is the illegitimate son of Marie Bartholdi, although not necessary to a determination of the main question, was, nevertheless, raised by the plaintiff, passed upon by the trial court and argued here.
However, although the appellant disregards the finality of the agreements and releases which operated to divest him of any further right to contest Mehl's title and now argues two issues not germane, we are nevertheless constrained to consider them because of the appellant's complete reliance thereon.
It is argued that the defendant Leo Robert Mehl did not prove that he is the illegitimate son of Marie Bartholdi, deceased. Such burden of proof was upon Leo Robert Mehl, the plaintiff in the first suit, which was dismissed for lack of prosecution after the execution of the agreements of settlement by which Albert Bartholdi in writing twice conceded that Leo was the illegitimate son of his deceased wife. Here, the burden of proof that Leo is not the illegitimate son of Marie Bartholdi rested on the plaintiff, who offered absolutely no evidence to support his contention. On the contrary, in addition to the admissions in the agreements, a copy of the birth certificate of Leo Robert Mehl showing him to be the son of Marie Mehl was admitted in evidence. Further, there was testimony by Leo's daughter, Julienne, with regard to the contents of a photostat of excerpts from the Mehl family record book in France, and testimony by third parties that Albert Bartholdi had orally admitted that Leo was the illegitimate son of his wife. The plaintiff contests the admissibility of the copy of the birth certificate and of the family record book. While such evidence might be inadmissible, we do not consider its admission here to be reversible error in view of the fact that more than sufficient *424 other proof was adduced to substantiate the findings of the trial court. Miller v. Trans Oil Co., 18 N.J. 407 (1955).
The plaintiff disregarding the legal effect of the agreements of settlement and the releases, contends that Leo Robert Mehl did not inherit the real estate of which his mother, Marie Bartholdi, died seized, because "illegitimate children do not inherit from their mother when she dies intestate leaving a husband, but no lawful issue of the marriage." Under R.S. 3:3-4 (now N.J.S. 3A:4-3) and R.S. 3:3-10 (now N.J.S. 3A:4-7), this contention is without merit. When Marie Bartholdi acquired title to the real estate, R.S. 3:3-4 was in effect, providing that if a married person dies intestate, seized of real estate "and leaves no lawful issue, but leaves a spouse, such spouse shall take an entire fee simple of all such real estate * * *." The plaintiff argues that under R.S. 3:3-4 Leo Robert Mehl could not inherit because Marie Bartholdi left "no lawful issue." This reasoning completely ignores R.S. 3:3-10 which provides that "The mother of an illegitimate child * * * and the illegitimate child * * * shall have capacity to take or inherit real estate from each other as heirs * * * and to the same extent as if such child had been born in lawful wedlock * * *." (Italics added). From the language of the two statutes it is apparent that for the purpose of inheritance from its mother an illegitimate child is "lawful issue" within the meaning of R.S. 3:3-4. See 7 N.J. Practice (Clapp, Wills and Administration), § 803, p. 276. Accordingly, Leo Robert Mehl inherited the real estate in question pursuant to what is now N.J.S. 3A:4-7, subject only to the curtesy right of Albert Bartholdi.
Affirmed.