39 N.J. Super. 406 (1956)
121 A.2d 417
WARREN GRAY, JR., PLAINTIFF-APPELLANT,
v.
NATHAN CHOLODENKO, IRVING L. HODES, DEUEL RICE AND WARREN GRAY, SR., JOINTLY, SEVERALLY AND INDIVIDUALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1956.
Decided March 12, 1956.
*408 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Robert S. Hartgrove argued the cause for plaintiff-appellant.
Mr. Fredrick J. Waltzinger argued the cause for defendants-respondents.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Pursuant to our opinion reported in 34 N.J. Super. 190 (App. Div. 1955), this case was sent to the Essex County Court for trial. Under the circumstances presented, there was no basis for relief there unless the plaintiff established fraud on the Essex County Surrogate's Court either in connection with the probate of the will of Louisa Smith or in connection with the probate of the will of her daughter Elizabeth Gray. The County Court found for the defendants, and plaintiff appeals.
Only two questions raised on the appeal need be considered: first, whether as a result of prior litigation over the probate of the will of Louisa Smith, the defendants are estopped from asserting that the will was executed by her; second, if not, whether the proofs below establish a fraud on the surrogate's court in connection with the probate of her will or the will of Elizabeth Gray.
Louisa Smith had two children who survived her, Cornell Smith and Elizabeth Gray, plaintiff's mother. The latter died a year and a half after Louisa. Louisa by a will made in 1946 gave Elizabeth, Cornell and plaintiff each a share of her estate. In 1947 she allegedly signed another will by her mark, leaving all her estate to Elizabeth. After the probate of this latter will, Cornell appealed to the Essex County Orphans' Court. However $3,500 was paid to him in settlement of his appeal, and an order dismissing the appeal was entered. The dismissal of the appeal left standing the surrogate's order admitting the 1947 will to probate  an in rem determination that the will was validly executed.
Plaintiff's first point is that the record estops defendants from asserting that the will was duly executed. But this *409 is not so. The dismissal merely nullified the appeal, leaving in full force an order that established the will. 50 C.J.S., Judgments, § 640, p. 74; Cummerford v. Paulus, 66 Mich. 648, 33 N.W. 741, 744 (Sup. Ct. 1887).
Plaintiff relies on the following passage from Kelleher v. Lozzi, 7 N.J. 17, 26 (1951):
"It has been held that a dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject matter in dispute is made, is a dismissal on the merits and would be a bar to further litigation on the same subject between the parties; * * *."
This, as stated in the opinion, is suggestive of a retraxit. Restatement of Judgments, § 53(a); 50 C.J.S., Judgments, § 634; cf. Public Service Elec. and Gas Co. v. Waldroup, 38 N.J. Super. 419, 426 (App. Div. 1955). Thus, when a plaintiff compromises his claim and as a result his action is dismissed, the order of dismissal operates as an adjudication that he has no cause of action. United States v. Parker, 120 U.S. 89, 95, 7 S.Ct. 454, 30 L.Ed. 601, 604 (1887). So upon this basis it may be said that the dismissal constitutes a determination that the appellant in the orphans' court had no cause of action. But this proves the opposite of what plaintiff set out to prove here.
Plaintiff further urges that the defendants who share in Elizabeth Gray's estate are her successors in interest and that they cannot take a position inconsistent with that assumed by her when she apparently caused to be paid Cornell Smith $3,500 and consented to the dismissal of his appeal. In re Allison's Estate, 106 N.J. Eq. 55 (Prerog. 1930), and other cases are cited. One answer to the argument is that the payment of the money and the dismissal of the appeal furnish no sufficient indication that she then took the position that the will was invalid. It is true that if one looks at the size of the payment (the size of Louisa's estate at the time is not clearly indicated), one might say that Elizabeth was conceding that there may have been some merit to Cornell's claim. On the other hand, it could as well be said *410 that she was being generous to her brother Cornell or was desirous of terminating a family dispute even at a substantial price. Furthermore the very order dismissing the appeal recites:
"* * * it being agreed that the appellant [Cornell Smith] is cognizant of the probabilities that his appeal would be dismissed * * *."
The first point as to an estoppel was not made out.
The second point plainly falls, too. To make out a case of fraud on the surrogate's court in connection with the two wills, plaintiff under the circumstances had to establish by clear, convincing and satisfactory evidence that the depositions signed by the witnesses in the surrogate's court were purposely false and willfully given. Gray v. Cholodenko, 34 N.J. Super. 190, 194 (App. Div. 1955). We are satisfied with the findings made below.
Affirmed.