KRISTEN M. LINDSEY, Plaintiff.
v.
DANIEL H. LINDSEY, Defendant.
No. COA08-1475.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
No brief filed on behalf of plaintiff-appellee.
Pennington & Smith, PLLC, by Kristy J. Jackson, for defendant-appellant.
GEER, Judge.
Defendant Daniel H. Lindsey appeals the domestic violence protective order ("DVPO") granted to plaintiff Kristen M. Lindsey. Previously, in New Jersey state court, plaintiff requested and obtained an ex parte temporary restraining order ("TRO") against defendant based on the same facts that formed the basis for the DVPO entered in this case. The New Jersey court ultimately dismissed plaintiff's action and vacated the TRO after the parties entered into a compromise settlement. At the hearing in this case, plaintiff's counsel conceded that the North Carolina and New Jersey actions both involved the same claim and the same parties. Because, under New Jersey law  which governs the effect to be given to the New Jersey dismissal order  a dismissal based on a compromise settlement is a dismissal on the merits of the claim that bars future litigation on the same claim between the same parties, we reverse.

Facts
Plaintiff and defendant were married on 19 May 2001. On 2 April 2008, plaintiff traveled to New Jersey with the couple's two minor children to visit her family. A month later, on 2 May 2008, plaintiff filed a domestic violence civil complaint and request for a TRO in New Jersey state court. The complaint alleged that in July 2002, defendant slapped plaintiff in the face, knocking her to the floor; in August 2004, defendant threatened to beat plaintiff and tried to kick her; in July 2007, defendant choked plaintiff and threatened to kill her; and on 28 March 2008, just prior to plaintiff's traveling to New Jersey, defendant approached plaintiff with both hands balled into fists, backed her into a corner, yelled at plaintiff that she was a "bitch" and a "whore," and threatened to "beat the shit out of [her]." On 2 May 2008, the New Jersey trial court granted an ex parte TRO against defendant.
Prior to the hearing on plaintiff's complaint, the parties, represented by counsel, entered into an "Agreement Between Parties," which provided:
(1) Mutual civil restraints: Husband shall not have any contact w/ the Wife. Wife shall not have any contact with the Husband.
(2) Notwithstanding [paragraph] #1, the parties may communicate via email or in writing regarding only matters pertaining to the children[.]
(3) Wife will dismiss the T.R.O.
(4) The parties are making no arrangements re: custody or parenting time with the minor children.
(5) This arrangement shall not be prejudicial to either party in future litigation regarding custody and/or parenting time with the minor children.
(6) By entering into this agreement, neither party is submitting to or acknowledging jurisdiction in the State of N.J. for any subsequent matrimonial matter.
We agree & accept the foregoing provisions.
Plaintiff and defendant each signed the agreement. After the parties jointly submitted the agreement to the trial court, the court entered an order on 15 May 2008 dismissing plaintiff's domestic violence complaint and vacating the TRO.
On 23 May 2008, plaintiff filed a complaint and motion for a DVPO in the North Carolina District Court for New Hanover County. The North Carolina complaint included substantially the same allegations contained in the New Jersey complaint. In an order entered 23 May 2008, the North Carolina court denied plaintiff's motion for an ex parte DVPO.
On 2 June 2008, defendant filed a motion to dismiss the complaint on several grounds, including claim and issue preclusion, accord and satisfaction, and compromise and settlement. A bench trial was set for 9 June 2008 on the issues of temporary custody of the parties' children and plaintiff's motion for a DVPO. Defendant submitted to the trial court a copy of the parties' settlement agreement and the New Jersey order and requested a ruling on his motion to dismiss. After reviewing the materials and hearing oral argument from both parties, the trial court denied the motion to dismiss.
Following a trial on the merits, the trial court granted temporary custody of the children to plaintiff and issued a DVPO. In support of the order, the trial court found that on 28 March 2008, defendant intentionally caused bodily injury to plaintiff and placed her in fear of imminent serious bodily injury. Specifically, the court found that on 28 March 2008, defendant threatened to "beat the shit" out of plaintiff. The court further found that on prior unspecified occasions defendant had assaulted plaintiff and that the children had been present during some of the violence. The court also found that defendant had threatened suicide on multiple occasions, including as recently as 21 May 2008.
Based on its findings of fact, the trial court concluded that defendant had committed acts of domestic violence against plaintiff and that there was a danger of serious and immediate injury to plaintiff and the minor children. Defendant timely appealed the DVPO to this Court.

Discussion
As an initial matter, we note that the DVPO at issue in this case expired on 9 June 2009. Defendant's appeal is not, however, moot. Smith v. Smith, 145 N.C. App. 434, 437, 549 S.E.2d 912, 915 (2001) (holding that appeal from expired DVPO was not moot due to "collateral legal consequences" of and "stigma" attached to DVPO).
Defendant argues that the New Jersey trial court's order of dismissal based on the parties' settlement agreement barred this action under the doctrine of claim preclusion. "Under the doctrine of res judicata or `claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). "`The essential elements of res judicata are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits.'" Quets v. Needham, ___ N.C. App. ___, ___, 682 S.E.2d 214, 219-20 (2009) (quoting Bryant v. Weyerhaeuser Co., 130 N.C. App. 135, 138, 502 S.E.2d 58, 61, disc. review denied, 349 N.C. 228, 515 S.E.2d 700 (1998)).
During the oral argument before the trial court, plaintiff's counsel conceded that both the prior New Jersey action and the current North Carolina action involve "the same thing" and "the same parties." Based on plaintiff's conceding identity of the causes of action and the parties, the dispositive issue on appeal is whether there was a final judgment on the merits in the New Jersey action.
We must first decide which law to apply in determining whether the New Jersey court's order of dismissal represented a final judgment on the merits. The effect of the New Jersey court's order is a substantive question that is governed by New Jersey law. See Am. Inst. of Mktg. Sys., Inc. v. Willard Realty Co., Inc. of Raleigh, 277 N.C. 230, 234, 176 S.E.2d 775, 777 (1970) (holding that "validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgment was rendered"); McGinnis v. McGinnis, 44 N.C. App. 381, 389, 261 S.E.2d 491, 496 (1980) ("The validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgment was rendered.").
Under New Jersey law, "[i]t has been held that a dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject matter in dispute is made, is a dismissal on the merits and would be a bar to further litigation on the same subject between the parties[.]" Kelleher v. Lozzi, 7 N.J. 17, 26, 80 A.2d 196, 200 (1951). See also Gray v. Cholodenko, 39 N.J. Super. 406, 409, 121 A.2d 417, 418 (App. Div.) (concluding that "when a plaintiff compromises [a] claim and as a result [the] action is dismissed, the order of dismissal operates as an adjudication that [the plaintiff] has no cause of action"), aff'd per curiam, 22 N.J. 602, 127 A.2d 12 (1956); Bartholdi v. Dumbeky, 37 N.J. Super. 418, 422-23, 117 A.2d 518, 520 (App. Div. 1955) (holding, based on Kelleher, that "plaintiff cannot now disavow the settlement agreements; they are binding upon him and dispositive of the issues argued before the trial court as well as those here sought to be raised on appeal"), cert. denied, 20 N.J. 305, 119 A.2d 790 (1956). A dismissal based on a compromise settlement is accorded preclusive effect based on the rationale that, although "[n]o judgment was actually entered, . . . the parties really made their own adjudication." Kelleher, 7 N.J. at 26, 80 A.2d at 200.
Here, the New Jersey court dismissed plaintiff's complaint and vacated the TRO based on the parties' settlement agreement providing for "mutual civil restraints" regarding contact and communication concerning the parties' children. Under New Jersey law, the New Jersey court's order of dismissal is a "dismissal on the merits" and thus "bar[s] . . . further litigation on the same subject between the parties[.]" Id. Consequently, the trial court in this case erred by not giving preclusive effect to the New Jersey order and by not dismissing plaintiff's complaint and motion for a DVPO. Accordingly, we reverse the trial court's order.
Reversed.
Judges ROBERT C. HUNTER and STEELMAN concur.
Report per Rule 30(e).